CECILY A. WATERMAN, State Bar No. 063502
JENNIFER A. LOCKHART, State Bar No. 236972
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendants
BOSTON SCIENTIFIC CORPORATION, JAMES
TOBIN, WILLIAM R. ROSKOPF, JENNIFER A.
HEGNER AND THOMAS J. O'CONNELL, JR.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILLIAMS,<br><br>  Plaintiff,<br><br>vs.<br><br>BOSTON SCIENTIFIC CORPORATION, JAMES TOBIN, WILLIAM R. ROSKOPF, JENNIFER A. HEGNER AND THOMAS J. O'CONNELL, JR.<br><br>  Defendants. | Case No. 3:08-CV-01437-JL<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PURSUANT TO FRCP 12(b)(1), AND/OR, IN THE ALTERNATIVE, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>DATE:  *TO BE DETERMINED*<br>TIME:<br>COURTROOM:<br>JUDGE:  *TO BE DETERMINED* |

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

   PLEASE TAKE NOTICE THAT at _____ on _____, or as soon thereafter as the matter can be heard, in Courtroom __ of this Court, located at 1301 Clay Street, Suite 400 S, Oakland, California 94612-5212, Defendants BOSTON SCIENTIFIC CORPORATION ("BSC"), JAMES TOBIN, WILLIAM R. ROSKOPF, JENNIFER A. HEGNER and THOMAS J. O'CONNELL, JR. (the "Employee Defendants"), (hereinafter collectively "Defendants") will, and hereby do, move this Court pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(1) to stay all proceedings in this action until Plaintiff has exhausted his administrative remedies with the U.S. Department of Labor ("DOL") in connection with Plaintiff's Administrative Complaint filed with the Occupational Health and Safety Administration ("OSHA"), against Defendants

1-PA/3690097.4                                                                                     Case No. 3:08-CV-01437-JL

BSC and Jim Tobin ("Tobin"). Following the 180 day period for Plaintiff to have exhausted his administrative remedies with the DOL, Defendants further request that this Court dismiss each of Plaintiff's claims against the Employee Defendants, Tobin, Roskopf, Hegner and O'Connell.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support Thereof, Defendants' Request for Judicial Notice, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff's action against Defendants should be stayed for 2 reasons:

*First*, on November 12, 2007, Plaintiff filed a Complaint with the U.S. Occupational Health and Safety Administration ("OSHA"), asserting claims against Defendants BSC and Tobin for violations of the Sarbanes-Oxley Act. (*See*, Exhibit A to Defendants' Request for Judicial Notice, filed herewith). Plaintiff now seeks to circumvent OSHA's exclusive jurisdiction over this matter by filing a civil court action based upon the same allegations set forth in his OSHA Complaint. Unless and until OSHA fails to issue a final decision within 180 days of the filing of Plaintiff's OSHA Complaint, Plaintiff is precluded from seeking relief from this Court (or any other court).

*Second*, permitting Plaintiff's action to proceed while his OSHA Complaint is still pending is contrary to the principles of judicial economy, and allows for duplicative litigation with potentially conflicting results.

In the event that this Court declines to stay this action pending exhaustion of Plaintiff's administrative remedies, and/or after expiration of the 180 day period that Plaintiff's Complaint has been pending with the DOL, Defendants request that the Court dismiss Defendants Tobin, Roskopf, Hegner and O'Connell, (the "Employee Defendants"). The Employee Defendants are not proper parties to this action, and should be dismissed for the following reasons:

*First*, Plaintiff's first public policy cause of action for relief under California Labor Code Section 1102.5 fails to state a claim against Tobin, Roskopf, Hegner and O'Connell. California

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3690097.4                                    2                    Case No. 3:08-CV-01437-JL
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNDER FRCP 12(b)(1),
OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12 (b)(6)

law specifically limits recovery on claims for wrongful termination in violation of public policy to the employer. No cognizable claim exists against these other employees.

*Second*, Plaintiff's claim for breach of implied contract improperly attempts recovery against other employees who are not party to the alleged contract. This claim can be brought *only* against Plaintiff's employer, BSC; the Employee Defendants were not parties to the implied employment contract and cannot be sued for breach of that alleged contact.

*Third*, Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing fails to state a claim against the Employee Defendants because this theory of recovery is premised upon the alleged same contractual relationship as Plaintiff's implied contract claim. The Employee Defendants were not parties to the "implied contract of employment" between Plaintiff and BSC, and thus they cannot be liable for breach of that contract. A *fortiori*, they cannot be liable for breach of the covenant of good faith and fair dealing. California law prohibits Plaintiff from seeking a double recovery of damages already claimed in his companion implied contract cause of action.

## II.  ALLEGATIONS MATERIAL TO DEFENDANTS' MOTION[1]

### A.  Plaintiff Eric Williams

Plaintiff was hired as Manager of BSC Neurovascular's Marketing and Communications ("MarCom") department in Fremont, California, beginning in December 1999. (Complaint, ¶¶30, 31). As MarCom Manager, Plaintiff supervised a group of designers and graphic artists, and managed the design, color choice, layout and branding aspects of BSC Neurovascular's promotional sales support and training ("PSST") materials. (Complaint, ¶35). After the initial development of PSST materials by an originator, the materials are reviewed internally, in accordance with BSC's formal Labeling and Advertising Review ("LAR") procedure, by various divisional functions, including quality, regulatory and legal, to ensure compliance with applicable quality, marketing, and regulatory requirements. *Id.* To the extent any reviewer proposes

---

[1] Defendants dispute Plaintiff's allegations. For purposes of this Motion, however, Defendants – as they must – accept Plaintiff's allegations as true.

1-PA/3690097.4    3    Case No. 3:08-CV-01437-JL
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNDER FRCP 12(b)(1), OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12 (b)(6)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

substantive edits and/or revisions to a PSST document, those changes are then incorporated and a further review verifies the incorporation.

### B. 2005- 2007: Plaintiff Reports Alleged Errors In the LAR System.

In 2005, Plaintiff began to raise concerns within BSC regarding Neurovascular's internal procedure for handling various PSST materials. (Complaint, ¶¶36-37). Plaintiff's reports included allegations of "repeated violations of the PSST Review Process in which numerous PSST documents were published, distributed and used in connection with sales presentations, employee training, resource information for medical professionals, customer training and customer information without appropriate review and/or approval." (Complaint ¶36-37). Plaintiff claims that "BSC executives and management" disregarded his warnings and disclosures, "intentionally concealed the PSST fraud and/or the extent and/or degree of the PSST fraud from shareholders, and actively and intentionally chose not to comply with the PSST Review Process and the BSC Code of Ethics." (Complaint, ¶46).

### C. May-August 2007: Plaintiff Applies For A Position As Director of Marketing Events and Communications.

In June 2007, Defendant Roskopf announced the availability of a new position of Director of Marketing Events/ Communications. (Complaint ¶47). Plaintiff applied for the position, and was invited to participate in a series of interviews with BSC Neurovascular's Marketing executives. (Complaint ¶49). Ultimately, another MarCom employee, Defendant Hegner, was selected to fill the new position. (Complaint ¶50).

### D. November 2007: BSC Terminates Plaintiff's Employment As Part Of A Company-Wide Reduction In Force.

In the Fall of 2007, BSC announced a company-wide reduction in force ("RIF"). (Complaint, ¶52). This RIF eliminated a number of positions company-wide. (Complaint ¶52). On or about November 9, 2007, BSC informed Plaintiff that his position, along with all the other positions in the MarCom Department, was being eliminated and outsourced. (Complaint ¶53). Plaintiff alleges that his termination was, "in retaliation for Williams' disclosure of the PSST fraud, and Defendants exploited the occasion of the legitimate reduction in force to engage in retaliatory discharge of Williams." (Complaint ¶ 54). In conjunction with the RIF, Plaintiff's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3690097.4     4     Case No. 3:08-CV-01437-JL
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNDER FRCP 12(b)(1), OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12 (b)(6)

employment with BSC terminated on January 4, 2008.

### E. **Defendant Boston Scientific Corp.**

Defendant Boston Scientific Corporation ("BSC") is a worldwide developer, manufacturer and marketer of medical devices. (Complaint ¶¶11-12). For more than 25 years, BSC has advanced the practice of less-invasive medicine by providing innovative products, technologies and services across a wide range of medical specialties, among them, Cardiology, Endosurgery, Neurovascular and Neuromodulation (pain management). Plaintiff worked in the Neurovascular division of the Company's Fremont, California facility. (Complaint, ¶11).

### F. **Defendant Jim Tobin**

Jim Tobin is President and Chief Executive Officer of BSC's worldwide operations. A resident of Massachusetts, Mr. Tobin works out of BSC's Natick, Massachusetts headquarters. (Complaint, ¶¶13-14).

### G. **Defendant Bill Roskopf**

Defendant Bill Roskopf serves as the Vice President of Marketing for BSC's Neurovascular division; his office is in Fremont, California. (Complaint, ¶¶15, 37(k)).

### H. **Defendant Jennifer Hegner**

Defendant Jennifer Hegner serves as Director of Marketing Events/ Communications for BSC's Neurovascular division; her office is in Fremont, California. (Complaint, ¶¶17, 18, 50).

### I. **Defendant Thomas J. O'Connell, Jr.**

Defendant Thomas O'Connell, Jr. serves as Director of Human Resources for BSC's Neurovascular division; his office is in Fremont, California. (Complaint, ¶¶18-19).

### J. **November 12, 2007- January 10, 2008: Plaintiff Files A Complaint With the U.S. DOL Alleging Violations of the Sarbanes-Oxley Act Against BSC and Jim Tobin, and BSC and Tobin File Their Response Statement.**

On November 12, 2007 (six days after he was informed of his position elimination and termination), Plaintiff filed a Complaint with the U.S. Department of Occupational Safety and Health Administration, ("OSHA"), alleging that Defendants BSC and Jim Tobin denied him a promotion and ultimately terminated his employment in retaliation for raising concerns about errors in BSC's PSST/LAR process in violation of the Sarbanes-Oxley Act. On January 10,

2008, Defendants BSC and Tobin filed a Response Statement with the DOL, addressing the allegations in Plaintiff's Complaint, and asserting that Plaintiff's claims failed to state a prima facie case under Sarbanes-Oxley.

### K. January 30, 2008: Plaintiff Files A Complaint In The Alameda County Superior Court, Naming Additional BSC Employees as Defendants.

Prior to receiving any ruling or findings from the DOL, and prior to the 180-day period for the DOL to act on a Complaint, Plaintiff filed a civil complaint in the Alameda County Superior Court, restating the allegations set forth in his DOL Complaint, and asserting additional claims under California state law for wrongful termination in violation of public policy (based on his allegations that form the basis of his Sarbanes-Oxley complaint to the DOL), breach of implied in fact contract and breach of the covenant of good faith and fair dealing against BSC and Tobin, along with BSC employees Roskopf, Hegner and O'Connell.

### L. March __, 2008: Defendants Remove this Action to Federal Court on a Theory of Fraudulent Joinder of the Employee Defendants.

On March 13, 2008, Defendants filed a Notice of Removal of the instant action from the Alameda Court Superior Court to the U.S. District Court for the Northern District of California. Defendants based their removal upon Plaintiff's fraudulent joinder of Employee Defendants Tobin, Roskopf, Hegner and O'Connell (hereinafter referred to as the "Employee Defendants"), on the grounds that, as a matter of law, Plaintiff fails to state a claim against the Employee Defendants.

## III. ARGUMENT

### A. Plaintiff's Civil Action Should be Stayed Pending the Mandatory 180-Day Period During Which OSHA May Issue a Ruling On Plaintiff's Administrative Complaint.

#### 1. Legal Standard For A Motion To Stay Proceedings.

District courts have broad inherent authority to stay proceedings before them. This authority stems from their power to control their own docket and to resolve cases with economy of time and effort for themselves and for the litigants. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). The power to stay proceedings permits district courts to avoid piecemeal, duplicative litigation, and potentially conflicting results. *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3690097.4                     6                    Case No. 3:08-CV-01437-JL
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNDER FRCP 12(b)(1), OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12 (b)(6)

342 U.S. 180 (1952). To further this important goal, the court's authority to stay "applies whether the separate proceedings are judicial, administrative, or arbitral in character." *Leyva v. Certified Growers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (trial court properly stayed an FLSA claim pending resolution of independent procedures bearing upon the case). A trial court can stay any statutory claim that arises out of substantially the same facts present in an ongoing administrative or arbitral proceeding. *Id.* Moreover, a court may grant a motion to stay even in the absence of "issues in such proceedings [that] are necessarily controlling of the action before the court." *Id.* Applying these principals, a stay of the present litigation is plainly warranted.

2. **Plaintiff's First Cause of Action is Premature; Plaintiff Has Failed To Exhaust His Administrative Remedies Prior To Filing His Civil Action.**

Before a plaintiff can file a civil action based on violation of the Sarbanes-Oxley Act, he must file a complaint with the Occupational Safety and Health Administration ('OSHA') and afford OSHA the opportunity to resolve the allegations administratively." *Willis v. VIE Financial Group, Inc.*, 2004 WL 1774575 (E.D.PA. Aug. 6, 2004), citing 18 U.S.C. § 1514A(b)(1)(A); 29 C.F.R. § 1980.103(c)). In other words, under the Sarbanes-Oxley Act, "a plaintiff may only seek a judicial remedy for his whistleblower complaint once 'the Secretary has not issued a final decision within 180 days of the filing of the [administrative] complaint.'" *Hanna v. WCI Communities, Inc.*, 348 F.Supp.2d 1322, 1330, citing 18 U.S.C. § 1514A(b)(1)(B).

Here, just 20 days after BSC and Tobin filed their responsive Position Statement to Plaintiff's OSHA Complaint, Plaintiff filed a civil action in California State Court, restating his allegations of BSC and Tobin's alleged violation of Sarbanes-Oxley, and attempting, improperly, to name California residents Roskopf, Hegner and O'Connell, in order to destroy diversity among the parties and avoid this Court's jurisdiction. Despite the fact that his First Cause of Action, entitled "Wrongful Termination in Violation of Public Policy" mirrors the allegations set forth in his OSHA Complaint, Plaintiff disregarded OSHA's exclusive jurisdiction during the first 180-day period after the filing of his OSHA Complaint, which does not expire until May 10, 2008. Until this initial 180 day period expires, OSHA retains exclusive jurisdiction over Plaintiff's

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3690097.4                    7                    Case No. 3:08-CV-01437-JL
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNDER FRCP 12(b)(1), OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12 (b)(6)

claims. If, and only if, OSHA fails to issue a final ruling before the May 10, 2008 deadline, may Plaintiff then pursue a civil action against Defendants for allegedly terminating him in violation of, *inter alia*, Sarbanes-Oxley. *See Hanna, supra*, 348 F.Supp.2d at 1330.

Plaintiff's civil claims should be stayed pending the 180 period of OSHA's exclusive jurisdiction. A stay of these proceedings would serve the purposes of judicial economy, by preventing the possibility of inconsistent ruling with respect to Plaintiff's public policy claim, which is premised upon the same actions alleged in his OSHA Complaint against Defendants BSC and Tobin. *See Kerotest Mfg. supra*, 342 U.S. at 183-184. Furthermore, Plaintiff will not be prejudiced by the stay of proceedings, given that OSHA's 180-day period of exclusive jurisdiction expires on May 10, 2008.

**B.   In the Event That This Court Denies Defendants' Motion To Stay and/or Upon Expiration of the 180 Days That Plaintiff's Complaint is Pending Before the DOL, Defendants Request That The Employee Defendants Be Dismissed From This Action Pursuant to FRCP 12(b)(6).**

**1.   Legal Standard For A Motion To Dismiss.**

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action may be dismissed for "failure to state a claim upon which relief can be granted." The Supreme Court has recently made clear that the proper standard of review on a motion to dismiss is that a motion may be granted only if the plaintiff can prove no set of facts that would entitle him or her to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). It is the plaintiff's obligation to provide the "grounds" for its entitlement to relief, which requires more than "labels and conclusions." *Id*. In other words, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Because Plaintiff's claims arise under California State law, this Court applies the substantive law of California. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Further, a court may dismiss a complaint with prejudice if the defects in the complaint cannot be cured by the allegation of additional facts consistent with the challenged pleading. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). "A district court does not err in denying leave to amend where the amendment would be futile."

1-PA/3690097.4                                  8                          Case No. 3:08-CV-01437-JL
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNDER FRCP 12(b)(1), OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12 (b)(6)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citation omitted).

### 2. All of Plaintiff's Causes of Action Fail As a Matter of Law As To The Employee Defendants.

As to each of the claims asserted by Plaintiff, California law prohibits recovery against individual employees acting within the course and scope of their employment. "[I]t is well established that corporate agents and employees acting for and on behalf of a corporation cannot be held liable..." for most tort claims. *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 24; *see also Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55 (1996) (holding only an employer and not individual supervisors or employees, may be held liable for employment-related claims.) Under California law, "[e]xcept where authorized by statute, one employee cannot sue another for adverse actions by the employer." *Sheppard v. Freeman* (1998) 67 Cal.App.4th 339, 347. Personnel decisions "are made for the benefit of the employer and therefore the employer alone must bear the risks and responsibilities attendant to such actions." *Sheppard, supra*, 67 Cal.App. 4th at 349. Thus, individual employees are insulated from personal liability in such cases even if they acted with unlawful or discriminatory motives. *Id.* In accordance with *Shoemaker, Janken and Sheppard*, and as reinforced by the below specific authorities applicable to each of Plaintiff's individual claims for relief, Plaintiff's three claims against the Employee Defendants must be dismissed.

### a. Plaintiff's First Cause Of Action Against the Employee Defendants For Violation Of Labor Code Section 1102.5 Fails To State A Claim Upon Which Relief Can Be Granted.

Plaintiff's first cause of action is for violation of California Labor Code Section 1102.5 ("Section 1102.5"). Section 1102.5(b) provides in pertinent part that "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation." California Labor Code Section 1102.5(b) Section 1102.5 "is a whistleblower statute, pure and simple, and is designed to protect an employee from being persecuted by his employer for reporting to government officials what the employee reasonably believes to be some form of

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3690097.4                                    9                        Case No. 3:08-CV-01437-JL
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNDER FRCP 12(b)(1), OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12 (b)(6)

illegal conduct." *Stiesberg v. California*, 80 F.3d 353, 358 (9th Cir. 1996).

To state a claim under Section 1102.5, Plaintiff must allege: (1) that he engaged in protected activity; (2) he was thereafter subjected to an adverse employment action; and (3) there is a "causal link" between the two. *Morgan v. Regents of Univ. of Cal.*, 88 Cal.App.4th 52, 69 (2000); *Love v. Motion Indus., Inc.*, 309 F.Supp.2d 1128, 1134 (N.D. Cal. 2004).

However, California case law makes clear as a matter of law, that only an *employer* can be found liable under a plaintiff's *Tameny* claim for wrongful discharge. In *Weinbaum v. Goldfarb, Whitman & Cohen*, 46 Cal.App.4th 1310, 1315 (1996), the California Court of Appeal addressed the question of whether an employee defendant, who is not the plaintiff's employer, could be liable for wrongful termination of the plaintiff's employment in violation of public policy. Holding that such parties could not be liable under a theory of wrongful discharge, the Court explained:

> [T]he duty on which the tort is based is a creature of the employer-employee relationship, and the breach of that duty is the employer's improper discharge of an employee otherwise terminable at the will or whim of the employer. There is nothing ... we have found to suggest that this tort imposes a duty of any kind on anyone other than the employer. Certainly, there is no law we know of to support the notion that anyone other than the employer can discharge an employee.

46 Cal.App.4th at 1315. Similarly, in *Jacobs v. Universal Development Corp.*, 53 Cal.App.4th 692 (1997), the plaintiff sued both his employer and two supervisors for wrongful discharge. *Jacobs*, 53 Cal.App.4th at 694. The plaintiff alleged that he was fired for refusing to participate in a rebate program that violated federal lending laws. *Id*. The California Court of Appeal, citing *Weinbaum*, dismissed the action against the defendant supervisors, holding that only an employer could be liable for tortious wrongful discharge. *Jacobs*, 53 Cal.App. 4th at 704.

Following *Jacobs*, the California Court of Appeal confirmed in *Phillips v. Gemini Moving Specialists*, 63 Cal.App.4th 563 (1998), that fellow employees cannot be held liable under a *Tameny* claim of wrongful discharge. In *Phillips*, the plaintiff filed a *Tameny* claim of wrongful discharge against his employer and his supervisor, claiming unlawful deductions were taken from his pay check, and that he was terminated in retaliation for complaining about the deductions.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-PA/3690097.4    10    Case No. 3:08-CV-01437-JL
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNDER FRCP 12(b)(1),
OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12 (b)(6)

While the Court held that the plaintiff properly alleged such claims against his former employer, it upheld the trial court's dismissal of the action as to the supervisory employee, finding that "it is the employer, and not third parties, who can be held liable to the discharged employee in his or her suit for wrongful discharge in violation of public policy." *Phillips*, 63 Cal. App. 4th at 575; *see also Bruin v. Mills College*, 2007 WL 419783, *8 (N.D. Cal. 2007) (dismissing the plaintiff's claim of wrongful termination in violation of public policy without leave to amend, based upon the Court's finding that "the Court of Appeal of California unequivocally holds that mere supervisors cannot be held liable for non-FEHA based claims.")

Here, Plaintiff attempts to state a claim for wrongful discharge in violation of public policy against the Employee Defendants—all of whom he admits are BSC employees. (Complaint, 14-20; 77-101). The foregoing authorities make clear that Plaintiff's claims against the Employee Defendants, none of whom were Plaintiff's employer, fail to state a claim upon which relief may be granted. Because Plaintiff cannot, as a matter of law, state a claim for wrongful discharge in violation of public policy against the Employee Defendants, Plaintiff's first cause of action against Defendants Tobin, Roskopf, Hegner and O'Connell should be dismissed without leave to amend.

    **b. Plaintiff's Second Cause of Action for Breach of Implied In Fact Contract Fails to State a Claim Upon Which Relief May Be Granted as to the Employee Defendants.**

In his second cause of action, Plaintiff alleges that he and the Defendants, "entered into an implied in fact contract that included within its terms a guarantee that BSC and or its agents and employees would not retaliate against Plaintiff because he made a good faith report, or assisted with or cooperated in an investigation of a report, whether such reports were made or investigated by BSC, a government, or a government official." Complaint, ¶103. Here again, Plaintiff fails to state a claim upon which relief may be granted as to the Employee Defendants.

Under California law, agents and employees acting for and on behalf of a corporation cannot be held liable for breaching the *corporation's* contract. (Emphasis added) *Shoemaker v. Myers*, 52 Cal.3d 1, 24 (1990); *see also Reynolds v. Bement*, 36 Cal.4th 1075, 1088 (affirming the trial and appellate court's rulings that plaintiff failed to state a claim for unpaid wages against

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3690097.4   11   Case No. 3:08-CV-01437-JL
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNDER FRCP 12(b)(1), OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12 (b)(6)

individual employee defendants on either a theory of breach of contract or a tort claim for breach of the duty of care).

Plaintiff fails to establish the existence of an implied contractual relationship between himself and any of the Employee Defendants. Plaintiff sets forth no facts demonstrating that the Employee Defendants are parties to his alleged implied contract with BSC. To the extent that any duty to Plaintiff exists, it "is a creature of the employer-employee relationship, and the breach of that duty is employer's improper discharge of [the] employee." *Weinbaum v. Goldfarb, Whitman & Cohen*, 46 Cal.App.4th 1310, 1315 (1996). Basic hornbook law provides that the existence of a contract is a necessary element to an action based on contract, regardless of whether the plaintiff seeks specific performance or damages for breach of contract. *See,* 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 476, p. 570.

Here, there is no written or implied contract between Plaintiff and any of the Employee Defendants; *a fortiori*, any alleged contract of employment can exist only between the employer, BSC, and Plaintiff.

   **c.**  **Plaintiff's Third Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails to State a Claim Upon Which Relief May Be Granted as to the Employee Defendants.**

Plaintiff also asserts a claim against the Employee Defendants for breach of the implied covenant of good faith and fair dealing, which claim can exist only if an enforceable contract was formed between the parties to that contract. *Kim v. Regents of University of California*, 80 Cal.App.4th 160, 164 (2000). The covenant of good faith and fair dealing rises and falls with the underlying contract: "[s]ince the good faith covenant is an implied term of a contract, the existence of a contractual relationship is thus a prerequisite for any action for breach of the covenant." *Id.*; *see also Gould v. Maryland Sound Industries*, 31 Cal.App.4th 1137, 1152 (1995) (because plaintiff failed to state a cause of action for breach of an implied-in-fact agreement not to terminate him except for good cause, it necessarily follows he cannot state a cause of action for breach of the implied covenant of good faith and fair dealing).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3690097.4   12   Case No. 3:08-CV-01437-JL
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNDER FRCP 12(b)(1), OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12 (b)(6)

Since the good faith covenant is an implied term of a contract, the existence of a contractual relationship is thus a prerequisite to any action for breach of the covenant. *Smith v. City and County of San Francisco*, 225 Cal.App.3d 38, 49 (1990) (appellants could not state a cause of action for breach of implied covenant because they were in a relationship of real estate developer to government land use regulators, not in contractual relationship). Because Plaintiff fails to set forth facts sufficient to establish the existence of an enforceable contract between himself and any of the Employee Defendants, Plaintiff's third cause of action for breach of the implied covenant of good faith and fair dealing should be dismissed as to each of the Employee Defendants without leave to amend.[2]

## IV. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court stay these proceedings until the expiration of the 180 day period for the DOL to process Plaintiff's Sarbanes-Oxley Complaint. Further, or in the alternative, Defendants respectfully request that the Court grant their Motion to Dismiss the Employee Defendants.

---

[2] Finally, even if Plaintiff could establish the existence of a valid contractual relationship between himself and the Employee Defendants, his breach of covenant claim still fails. In *Guz v. Bechtel National, Inc.*, 24 Cal, 4th 317, 352 (2000), the California Supreme Court explained that "insofar as the employer's acts are directly actionable as a breach of an implied-in-fact contract term, a claim that merely re-alleges that breach as a violation of the covenant is superfluous." *See also Careau & Co. v. Security Pacific Business Credit Inc.*, 222 Cal.App.3d 1371, 1395 (1990), "[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.") Here, Plaintiff's third cause of action adds nothing to his Complaint because the same conduct alleged as to each of the Employee Defendants is alleged to have constituted both a breach of contract and a breach of the implied covenant. *Guz*, 24 Cal.4th at 352. Therefore, Plaintiff's third cause of action for breach of the implied covenant of good faith and fair dealing is superfluous and fails to state a claim upon which relief may be granted. Consequently, this claim should also be dismissed without leave to amend.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-PA/3690097.4                                    13                       Case No. 3:08-CV-01437-JL
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNDER FRCP 12(b)(1), OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12 (b)(6)

| | |
|---|---|
| Dated: March 18, 2008 | MORGAN, LEWIS & BOCKIUS LLP |
| | By /s/ Cecily A. Waterman |
| | Cecily A. Waterman |
| | Attorneys for Defendants |
| | BOSTON SCIENTIFIC CORPORATION, JAMES TOBIN, WILLIAM R. ROSKOPF, JENNIFER A. HEGNER AND THOMAS J. O'CONNELL, JR. |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3690097.4                14                Case No. 3:08-CV-01437-JL

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNDER FRCP 12(b)(1), OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12 (b)(6)