IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILLIAMS<br><br>　　　　Plaintiff,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION, JAMES TOBIN, WILLIAM R. ROSKOPF, JENNIFER A. HEGNER, THOMAS J. O'CONNELL, JR., AND DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 3:08-cv-01437-WHA<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ENLARGE TIME FOR PLAINTIFF TO OPPOSE DEFENDANTS' MOTION TO STAY PROCEEDINGS AND/OR TO DISMISS<br><br>DATE:　　MAY 8, 2008<br>TIME:　　9:00 A.M.<br>CT. ROOM: 9<br>JUDGE:　　HON. WILLIAM H. ALSUP |

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT at 9:00 a.m., on May 8, 2008, or as soon thereafter as the matter can be heard, in Courtroom 9 of this Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Plaintiff Eric Williams ("Plaintiff") will, and hereby does, move this Court pursuant to Local Rule 6.3 to enlarge the time for Plaintiff to oppose Defendants' Motion to Stay Proceedings Pursuant to FRCP 12(b)(1), and/or, in the Alternative, to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) ("Motion"). Plaintiff moves the Court to make his opposition to Defendants' Motion due fifteen (15) days after the Court rules on and issues a final Order with respect to Plaintiff's Motion to Remand.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing. By email dated March

27, 2008, Plaintiff explained the basis for this Motion to Defendants and requested their consent. Defendants did not consent.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff disputes this Court's jurisdiction over the complaint he initiated in the Superior Court of California, County of Alameda. Complete diversity does not exist between Plaintiff and all properly joined Defendants. Plaintiff is preparing a Motion to Remand in which he will demonstrate the lack of complete diversity and this Court's consequent lack of jurisdiction. Plaintiff will file his Motion to Remand on or about April 7, 2008, less than thirty (30) days after Defendants filed their Notice of Removal. It would be both improper and inefficient for this Court to require Plaintiff to file an opposition to Defendants' Motion prior to the Court's adjudication of Plaintiff's Motion to Remand and the Court's determination of its jurisdiction.

1. Plaintiff filed his complaint in the Superior Court of California, County of Alameda, Case No. GH08368500, on January 30, 2008. In his complaint, Plaintiff alleged California common law claims of wrongful termination in violation of public policy, breach of implied contract, and breach of the implied covenant of good faith and fair dealing against Defendants Boston Scientific Corporation ("BSC"), James Tobin ("Tobin"), William R. Roskopf ("Roskopf"), Jennifer A. Hegner ("Hegner"), Thomas J. O'Connell ("O'Connell"), and Does 1-10 (collectively, "Defendants").

2. Plaintiff is a resident of California. Defendants Roskopf, Hegner, and O'Connell are residents of California. Defendant BSC is incorporated in Delaware and has its principal place of business in Massachusetts. Defendant Tobin is a resident of Massachusetts;

3. On November 12, 2007, Plaintiff filed a complaint with the U.S. Department of

Occupational Safety and Health Administration ("OSHA"). Plaintiff's OSHA complaint alleges Defendants BSC and Tobin retaliated against Plaintiff in violation of the Sarbanes-Oxley Act ("SOX"). This complaint is pending before OSHA.

4. On March 13, 2008, Defendants filed a Notice of Removal ("Notice") with this Court. In their Notice, Defendants assert that the individual defendants named in Plaintiff's California state complaint, Tobin, Roskopf, Hegner, and O'Connell (collectively, "Individual Defendants"), are all fraudulently joined and that complete diversity thus exists between Plaintiff and properly joined Defendant(s). Defendants base this assertion on their reading of California common law, which they submit does not permit individual liability for any of the three claims alleged by Plaintiff.

5. Defendants filed the instant Motion on March 18, 2008, and re-filed it on March 28, 2008, with a hearing noticed for May 8, 2008. Pursuant to Local Rule 7.3, Plaintiff's opposition is due on or before April 17, 2008.

6. In their Motion, Defendants ask this Court to stay all proceedings in this action for 180 days until "Plaintiff has exhausted his administrative remedies" with the U.S. Department of Labor ("DOL") in connection with his OSHA SOX complaint. Defendants also ask that this Court dismiss all claims against the Individual Defendants after the requested stay, based on the same reading of California common law they assert in their Notice of Removal.

7. Plaintiff is preparing to file his Motion to Remand in response to Defendants' Notice of Removal. In his Motion to Remand, Plaintiff will demonstrate that Defendants' misread California common law, that individual liability exists under the claims brought by Plaintiff in

California state court, and that this Court lacks jurisdiction because complete diversity does not exist.[1]

## II.    ARGUMENT

It would be improper for this Court to require Plaintiff to file an opposition to Defendants' Motion, or to in any way adjudicate Defendants' Motion, until the Court rules on Plaintiff's Motion to Remand. A court may not "proceed at all in any cause" without jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). A court without jurisdiction lacks the "power to declare the law." *See id.* "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception. *See id.* at 95. A federal court may not rule on the merits of a case without first determining its jurisdiction. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S.Ct. 1184, 1191 (2007); *see also Preminger v. Nicholson*, 2008 WL 239260, at *3 (N.D. Cal. 2008) (noting rejection of the doctrine of "hypothetical jurisdiction" in which a court might "simply assume jurisdiction and determine the merits.").

A dismissal based on failure to state a claim constitutes a "judgment on the merits." *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (holding dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits); *see also Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990) (holding dismissal based on failure to state a claim requires a judgment on the merits and cannot be decided before the court assumes jurisdiction). Defendants have moved this Court to prematurely make a judgment on the merits, under Rule 12(b)(6), before it has properly assumed jurisdiction.

---

[1]    If this Court finds Plaintiff has stated a claim for the liability of <u>any</u> of the Individual Defendants who reside in California under <u>any</u> of the three claims, complete diversity is destroyed.

4

Moreover, it would be both improper and inefficient for this Court to grant a stay until it first addresses Plaintiff's Motion to Remand. This Court has held that judicial economy is best served by addressing a motion to remand before a motion to stay because it "facilitate[s] litigation in the appropriate forum." *See Villarreal v. Chrysler Corp.*, 1996 WL 116832, at *1 (N.D. Cal. 1996). Other California district courts have held similarly. *See Leeson v. Merck & Co., Inc.*, 2006 WL 3230047, at *2 (E.D. Cal. 2006) (citing *Villarreal*, 1996 WL 116832 at *1); *Smith v. Mail Boxes, Etc.*, 191 F. Supp. 2d 1155, 1157 (E.D. Cal. 2002) (citing *Villarreal*, 1996 WL 116832 at *1).

Plaintiff does not now fully present his arguments in opposition to Defendants' Motion because such arguments should properly be considered only after the Court rules on his Motion to Remand, for the reasons stated above. However, Defendants' argument for a stay is unsupported and requires little discussion. Simply stated, this Court has specifically held that compliance with the administrative remedies in a statute's enforcement scheme, including SOX, is irrelevant to a common law tort claim for wrongful termination based on the applicable statute. *Romaneck v. Deutsche Asset Mgmt.*, 2006 WL 2385237, at *5 (N.D. Cal. 2006) (citing *Stevenson v. Superior Court*, 941 P.2d 1157, 1171-72 (1997), in which the California Supreme Court explicitly ruled that a common law wrongful termination claim based on a statutory prohibition is not subject to the underlying statute's administrative exhaustion requirements).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court grant his Motion to Enlarge Time for Plaintiff to Oppose Defendants' Motion to Stay Proceedings and/or to Dismiss.

Respectfully submitted,

_____
David Scher, California Bar No. 184562
R. Scott Oswald, *pro hac vice*
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Notice of Motion and Motion to Enlarge Time for Plaintiff to Oppose Defendants' Motion to Stay Proceedings and/or to Dismiss, his supporting Memorandum of Points and Authorities, and proposed Order, were served electronically this 2nd day of April, 2008, upon:

Cecily A. Waterman
Jennifer A. Lockhart
Morgan Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
*Counsel for Defendants*

                                                /s/
                                        David Scher

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION, JAMES TOBIN, WILLIAM R. ROSKOPF, JENNIFER A. HEGNER, THOMAS J. O'CONNELL, JR., AND DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:08-cv-01437-WHA |

## ORDER

UPON CONSIDERATION of Plaintiff Eric Williams' Motion to Enlarge Time for Plaintiff to Oppose Defendants' Motion to Stay Proceedings and/or to Dismiss, any opposition thereto, and the entire record herein, it is this _____ day of _____, 2008

ORDERED that Plaintiff's Motion to Enlarge Time for Plaintiff to Oppose Defendants' Motion to Stay Proceedings and/or to Dismiss is GRANTED; and it is further

ORDERED that Plaintiff shall file any Opposition to Defendants' Motion to Stay Proceedings and/or to Dismiss not more than fifteen (15) days after this Court rules on and issues a final Order with respect to Plaintiff's Motion to Remand.

_____
The Hon. William H. Alsup
United States District Judge

**ENTERED THIS** _____ **DAY OF 2008.**

1

Send to:

David Scher, California Bar No. 184562
R. Scott Oswald, *pro hac vice*
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff*

Cecily A. Waterman
Jennifer A. Lockhart
Morgan Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
*Counsel for Defendants*