**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

_____

| | |
|---|---|
| ERIC WILLIAMS | ) Case No. 3:08-cv-01437-WHA |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S NOTICE OF** |
| | ) **MOTION AND MOTION TO** |
| v. | ) **REMAND** |
| | ) |
| BOSTON SCIENTIFIC CORPORATION, | ) DATE:      MAY 15, 2008 |
| JAMES TOBIN, WILLIAM R. ROSKOPF, | ) TIME:      8:00 A.M. |
| JENNIFER A. HEGNER, THOMAS J. | ) CT. ROOM: 9 |
| O'CONNELL, JR., AND DOES 1 through 10, | ) JUDGE:    HON. WILLIAM H. |
| inclusive, | )                  ALSUP |
| | ) |
| Defendants. | ) |

_____

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to this Court's Order re Briefing Schedule

dated April 7, 2008, Plaintiff Eric Williams ("Plaintiff" or "Williams"), at 8:00 a.m., on May 15,

2008, will, and hereby does, move this Court pursuant to 28 U.S.C. § 1447 to remand this case to

the Superior Court of California, County of Alameda.  Complete diversity does not exist between

Plaintiff and properly joined Defendants.

This Motion is based on this Notice of Motion and Motion, the accompanying

Memorandum of Points and Authorities, the pleadings and papers on file herein, and upon such

other matters as may be presented to the Court at the time of the hearing.  By email dated March

28, 2008, and in subsequent telephone discussions with counsel for Defendants, Plaintiff

explained the basis for this Motion to Defendants and requested their consent.  Defendants did

not consent.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND FACTUAL BACKGROUND

Williams, a California resident, has asserted common law claims against five named Defendants, all of whom are properly joined, and three of whom are California residents. Because complete diversity does not exist between Williams and all properly joined Defendants, removal by Defendants was improper.  The Court should remand this case to the Superior Court of California, County of Alameda.

Williams filed his complaint in the Superior Court of California, County of Alameda, Case No. GH08368500, on January 30, 2008.  In his complaint, Williams alleges California common law claims of wrongful termination in violation of public policy, breach of implied contract, and breach of the implied covenant of good faith and fair dealing against Defendants Boston Scientific Corporation ("BSC"), James Tobin ("Tobin"), William R. Roskopf ("Roskopf"), Jennifer A. Hegner ("Hegner"), Thomas J. O'Connell ("O'Connell"), and Does 1-10 (collectively, "Defendants").

Williams is a resident of California.  Defendant BSC is incorporated in Delaware and has its principal place of business in Massachusetts.  Defendants Roskopf, Hegner, and O'Connell are  residents of California.  Defendant Tobin is a resident of Massachusetts.

Williams' complaint filed in the Superior Court of California alleges the following:

1.  BSC develops, manufactures, and markets medical devices.  BSC employed Williams as its Manager of Marketing Communications from December 6, 1999 through January 4, 2008. Williams discovered and disclosed repeated and systematic violations of BSC's process for the review and approval of promotional materials, sales support material, and training material for its medical products (defined in the complaint as "PSST Fraud").

2.   The PSST Fraud reported by Williams constituted repeated and intentional violations of the Federal Food, Drug, and Cosmetic Act ("the FDCA"), and Sections 110390, 110398, and 111295 of the California Health and Safety Code.  The PSST Fraud reported by Williams, and Defendants' misleading and incomplete public disclosures of those violations, violated the internal accounting controls and books and records provisions of the Securities and Exchange Act of 1934 and the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 and related Rule 10b-5.

3.   Defendants failed to promote Williams and ultimately terminated his employment in retaliation for his disclosure of the PSST Fraud.  Williams alleges three causes of action against BSC, and against Roskopf, Hegner, O'Connell, and Tobin (collectively, the "Individual Defendants"), all based on the common law of the State of California.

4.   In his First Cause of Action, Williams alleges all Defendants, in retaliation for his disclosure of the PSST Fraud, wrongfully failed to promote him and terminated him in violation of fundamental public policy of the State of California, as that public policy is embodied in several statutory sources enumerated by Williams: (1) the employee protection provisions of Section 806(a)(l) and (2) of the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A(a)(l) and (2); (2) Sections 110390, 110398, and 111295 of the California Health and Safety Code; (3) the FDCA and related regulations to ensure good manufacturing practices by all manufacturers of medical products; and (4) California Labor Code § 1102.5, which prohibits employer retaliation against a whistleblowing employee.

5.   In his Second Cause of Action, Williams alleges all Defendants breached their implied-in-fact contract with Williams by terminating him in retaliation for his disclosure of the PSST Fraud.

6.   In his Third Cause of Action, Williams alleges all Defendants breached the implied covenant of good faith and fair dealing contained in their contract with Williams by terminating him in retaliation for his disclosure of the PSST Fraud.

7.   Roskopf, Hegner, and O'Connell, all of whom are California residents and BSC executives or managers, each had knowledge of Williams' disclosure of the PSST Fraud and retaliated against Williams for his disclosures.  Tobin, a Massachusetts resident and BSC's President and Chief Executive, also had knowledge of Williams' disclosure of the PSST Fraud and retaliated against Williams for his disclosures.

On March 13, 2008, Defendants filed a Notice of Removal ("Notice") with this Court.  In their Notice, Defendants assert that the Individual Defendants are all fraudulently joined and that complete diversity thus exists between Williams and properly joined Defendant(s).[1]  Defendants base this assertion on their reading of California common law, which they submit does not permit individual liability for any of the three claims alleged by Williams.[2]

## II.    STANDARD OF REVIEW

A district court must remand a case to state court if it determines that the case was improperly removed.  *See* 28 U.S.C. § 1447(c); *Bravo v. Foremost Ins. Group*, 1994 WL 570643, at *2 (N.D. Cal. 1994).  An action is removable to a federal court only if it might have been brought there originally.  *See Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1175-76 (N.D. Cal. 2003).

---

[1]    Williams does not dispute Defendants' assumption that the amount in controversy exceeds $75,000; and Williams agrees that the citizenship of fictitiously-named "Doe" defendants is disregarded for the purposes of removal.

[2]    Defendants also filed a Motion to Stay Proceedings Pursuant to FRCP 12(b)(1), and/or, in the Alternative, to Dismiss Under Federal Rule of Civil Procedure 12(b)(6).  Pursuant to this Court's Order re Briefing Schedule dated April 7, 2008, Plaintiff will oppose that motion on April 24, 2008.

3

Defendants have the burden of establishing that removal is proper.  *See Bellecci v. GTE Sprint Commc'ns Corp.*, 2003 WL 151538, at *3 (N.D. Cal. 2003); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002) (party asserting federal jurisdiction has burden of establishing it); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (Ninth Circuit strictly construes removal statute against removal jurisdiction and must reject federal jurisdiction if there is <u>any doubt</u> as to right of removal.  *See id.* (emphasis added).

Fraudulent joinder is a "term of art."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Joinder of a non-diverse defendant is "fraudulent" if plaintiff fails to state a cause of action against the resident defendant, and <u>the failure is obvious according to the settled rules of the state</u>.  *See id.* (emphasis added); *see also Bellecci*, 2003 WL 151538, at *1 (remanding case where there was "<u>a possibility</u>" plaintiffs could recover on claim against non-diverse defendant) (emphasis added).

Civil actions not involving a federal question are removable to a federal district court only if there is diversity of citizenship between the parties.  *See* 28 U.S.C. § 1332(a)(1); *see Calero*, 271 F. Supp. 2d at 1176.  Section 1332 requires complete diversity of citizenship; each of the plaintiffs' citizenship must be diverse from each of the defendants.  *See* 28 U.S.C. 1332(a); *see also Calero,* 271 F. Supp. 2d at 1176; *Bellecci v. GTE Sprint Commc'ns Corp.*, 2003 WL 151538, at *4 (N.D. Cal. 2003) (complete diversity requires that no defendant share citizenship with plaintiffs).  If defendants fail to establish that any one non-diverse defendant was fraudulently joined, complete diversity is destroyed and the case must be remanded.  *See id.* at *3-4.

Courts in the Northern District of California determining a claim of fraudulent joinder must <u>resolve all disputed questions of fact and all ambiguities in the controlling state law in</u>

4

plaintiff's favor and, having done so, must then determine that plaintiff "could not possibly recover against" a non-diverse defendant.  *See id.* at *3 (emphasis added); *see also Bravo*, 1994 WL 570643 at *2 (N.D. Cal. 1994) (court must evaluate plaintiff's allegations in the light most favorable to plaintiff;  must resolve all contested issues of substantive fact in plaintiff's favor; and must "further resolve all ambiguities of the state law" in plaintiff's favor) (emphasis added). Any possibility that plaintiff may recover against a non-diverse defendant requires the court to remand.  *See Calero,* 271 F. Supp. 2d at 1176 (defendants must show non-diverse defendant cannot be liable on any theory) (emphasis added); *Bellecci*, 2003 WL 151538, at *3; *see also McCabe v. Gen. Foods Corp.*,  811 F.2d 1336, 1339 (9th Cir. 1987) (plaintiff's failure to state cause of action against resident defendant must be "obvious according to the settled rules of the state").

## III.    ARGUMENT

**Under California Law, the Individual Defendants Are Liable for Wrongful Termination in Violation of Public Policy Because SOX, which Underlies the Public Policy in Williams' First Cause of Action, Makes Individuals Liable for Their Unlawful Retaliation Against Whistleblowers.**

The Individual Defendants, including those who reside in California, are liable under the common law of California for wrongful termination in violation of public policy where, as here, the statute underlying the public policy extends liability to individuals.  Complete diversity thus does not exist between Williams and all properly joined Defendants.  The lack of complete diversity makes Defendants' removal to this Court improper and requires this Court to remand.

California courts, and district courts interpreting California law, have not enunciated, as Defendants assert in their Notice of Removal, a blanket proscription that protects individuals from liability under a wrongful discharge cause of action.  *See, e.g.*, *Scott v. Solano County*

5

*Health & Soc. Servs*. Dep't, 459 F. Supp. 2d 959, 969 (E.D. Cal. 2006) (denying motion to dismiss filed by individual defendants who argued that "only an employer can be liable for the tort of wrongful discharge," and noting individual defendants failed to cite "any authority which supports [the] argument that a wrongful discharge claim cannot be asserted against individual employees or supervisors"); *Polkinghorne v. State Farm Mut. Auto Ins. Co.*, 2006 WL 1752605, at *13 (Cal. Dep't Super. Ct. 2006) (holding defendant's argument that he cannot, as a matter of law, be individually liable for wrongful termination in violation of public policy "is not correct").

Under California law, an individual defendant may be liable for wrongful termination in violation of public policy if the statute embodying the public policy on which the plaintiff relies provides for individual liability.  *See Stevenson v. Super. Ct.*, 941 P.2d 1157, 1171-72 (Cal. 1997) (holding that "when a plaintiff relies upon a statutory prohibition to support a common law cause of action for wrongful termination in violation of public policy, <u>the common law claim is subject to statutory limitations affecting the nature and scope of the statutory prohibition</u>") (emphasis added).  A common law claim for wrongful discharge in violation of public policy "merely provides another legal theory on which <u>employees may pursue remedies comparable in all relevant respects to those already available to them</u>" under the statute, or statutes, embodying the public policy.  *See id.* at 1174 (emphasis added).

California courts, including the *Stevenson* court, have often applied this principle to wrongful termination claims supported by the public policy embodied in the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12900 *et seq.  See id.; see, e.g.*, *Reno v. Baird*, 957 P.2d 1333, 1345-48 (Cal. 1998) (finding individual liability for supervisors exists where the relied-on public policy extends to individual defendants, and holding that because

supervisors may not be sued for discrimination under FEHA, they may not be held liable for

common law actions for wrongful discharge based on FEHA).  The California Supreme Court,

in *Reno*, engaged in lengthy statutory interpretation of FEHA, and the legislature's intent in

enacting FEHA, and based its analysis of individual liability for wrongful termination solely on

its determination of the scope of individual liability for discrimination under FEHA.  *See id.* at

1344-48 (finding some FEHA provisions, "such as those involving harassment, do indeed apply

to individual persons as well as employers" and would therefore support wrongful termination

claims against individuals); *see also Polkinghorne*, 2006 WL 1752605, at *13 (explaining

California legislature, in the wake of *Reno*, revised FEHA to expressly impose liability on

individual employees for harassment).

The dispositive analysis for the viability of Williams' cause of action against the

Individual Defendants for wrongful discharge in this action is not, of course, how California

courts have interpreted the scope of individual liability under specific provisions of FEHA, or

under any statute not relied on by Williams for the public policy violated by the Individual

Defendants.  Rather, since it is settled California law that the scope of the underlying statute

defines the scope of individual liability for wrongful discharge, Williams has pled a valid cause

of action against the Individual Defendants if <u>any</u> of the underlying statutes he cites extends

liability to individuals.

Williams relies on several underlying statutes: (1) the employee protection provisions of

Section 806(a)(l) and (2) of SOX; (2) Sections 110390, 110398, and 111295 of the California

7

Health and Safety Code; (3) the FDCA and related regulations; and (4) California Labor Code §

1102.5.[3]

It is beyond dispute that Section 806 of SOX imposes individual liability for a retaliatory

discharge: "No company with a class of securities registered under section 12 of the Securities

Exchange Act of 1934 (15 U.S.C. 78l), or that is required to file reports under section 15(d) of

the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)), <u>or any officer, employee, contractor,</u>

<u>subcontractor, or agent of such company, may discharge,</u> demote, suspend, threaten, harass, or

in any other manner discriminate against an employee in the terms and conditions of

employment because of any lawful act done by the employee." § 806 of SOX, 18 U.S.C. §

1514A (emphasis added).  The Department of Labor has consistently affirmed that individuals

are liable for retaliation under SOX:

> [T]he Sarbanes-Oxley Act makes clear that the misconduct it protects
> against is not only that of a publicly traded company itself, but also that of
> "any officer, employee, contractor, subcontractor, or agent of such
> company," who retaliates or otherwise discriminates against the
> whistleblowing employee. . .  Similarly, the regulations implementing the
> Act state, in relevant part:
>
> Sarbanes-Oxley provides for employee protection from discrimination by
> companies <u>and representatives of companies</u> because the employee has
> engaged in protected activity pertaining to a violation or alleged violation

---

[3]    Under California law, a plaintiff may predicate a wrongful termination claim on several
statutes, including SOX, and the claim will survive if any one of the statutes supports a
fundamental and substantial policy that inures to the public benefit.  *See Romaneck v. Deutsche
Asset Mgmt.*, 2006 WL 2385237, at *2 (N.D. Cal. 2006) (refusing to issue summary judgment in
favor of employer on plaintiff's wrongful termination claim based on SOX, where plaintiff
predicated claim "on several statutes, including the age and disability provisions of [FEHA],
state and federal leave statutes, and state and federal whistleblowing statutes"); *see also Harber v.
American Airlines*, 2004 WL 2324112, at *1 (N.D. Cal. 2004) (holding public policy must be
supported by either constitutional or statutory provisions; must inure to the benefit of the public;
and must be "fundamental" and "substantial").  Defendants have not contested the adequacy of
any of the statutory sources on which Williams relies on any basis other than their applicability
to the Individual Defendants.

>of [various federal statutes and regulations] relating to fraud against shareholders.
>
>. . . Consistent with the express provisions of the Act, the term "<u>company representative</u> means any officer, employee, contractor, subcontractor, or agent of a company." [ ] Furthermore, the term "<u>named person</u> means the employer and/or the company or <u>company representative named in the complaint who is alleged to have violated the Act</u>."

*Jordan v. Sprint Nextel Corp.*, 2006-SOX-41 (ALJ Mar. 14, 2006) (emphasis added).

>The SOX Act imposes individual liability when a decision maker retaliates against an employee because [he] engaged in protected conduct.  <u>The Act is unusual in this respect</u>, as most other employment retaliation laws provide only for employer liability. . . Individual liability as a "named person" under the SOX Act and regulations should make supervisors or managers wary about retaliating against employees who raise problems they would rather ignore. . . Individual liability must be predicated on retaliatory intent that contributed to the decision to take an unfavorable personnel action; it need not be the sole factor that motivated the named individual.

*See Leznik v. Nektar Therapeutics, Inc.*, 2006-SOX-00093 at 62-63 (ALJ Nov. 16, 2007); *see also Bozeman v. Per-Se Tech., Inc.*, 456 F. Supp. 2d 1282, 1357 (N.D. Ga.2006) (regulations implementing SOX provide for individual liability).

Because Section 806 of SOX imposes individual liability for a retaliatory discharge, an individual defendant may be liable for wrongful termination in violation of public policy under California law where, as in this case, SOX is one of the statutes embodying the public policy. Williams has more than adequately pled that retaliatory intent on the part of the Individual Defendants, including the non-diverse Individual Defendants, "contributed to the decision to take an unfavorable personnel action" against him.  The Individual Defendants, by retaliating against Williams for his protected disclosures of the PSST Fraud, violated the fundamental and substantial policy embodied by SOX.  They are all thus liable for wrongful termination under settled California law because SOX imposes individual liability on supervisors or managers who

9

engage in retaliation.  This, by itself and independent of the Individual Defendants' liability

under Williams' other two causes of action, destroys diversity, makes Defendants' removal to

this Court improper, and requires this Court to remand.[4]

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court grant his Motion to

Remand.

Respectfully submitted,


_____/s/_____
David Scher, California Bar No. 184562
R. Scott Oswald, *pro hac vice*
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff*

---

[4]    One of the other statutory sources on which Williams relies also provides for individual liability.  Sections 110390, 110398, and 111295 of the California Health and Safety Code make it unlawful for <u>any person</u> to, inter alia, disseminate a false advertisement of a medical device; to advertise an adulterated or misbranded medical device; or to manufacture or sell an adulterated medical device.  *See* California Health and Safety Code, §§ 110390, 110398, 111295.  Section 111825 establishes criminal penalties for <u>any person</u> who violates §§ 110390, 110398, and 111295.  *See* California Health and Safety Code, § 111825.  These sections thus offer alternative sources of liability for wrongful termination on the part of the Individual Defendants.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Notice of

Motion and Motion to Remand,  his supporting Memorandum of Points and Authorities, and

proposed Order, were served electronically this 10th day of April, 2008, upon:

> Cecily A. Waterman
> Jennifer A. Lockhart
> Morgan Lewis & Bockius LLP
> One Market
> Spear Street Tower
> San Francisco, CA 94105
> *Counsel for Defendants*

_____/s/_____
David Scher

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

_____

|  |  |  |
|---|---|---|
| **ERIC WILLIAMS** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:08-cv-01437-WHA** |
| | ) | |
| **BOSTON SCIENTIFIC CORPORATION,** | ) | |
| **JAMES TOBIN, WILLIAM R. ROSKOPF,** | ) | |
| **JENNIFER A. HEGNER, THOMAS J.** | ) | |
| **O'CONNELL, JR., AND DOES 1 through 10,** | ) | |
| **inclusive,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

### <u>ORDER</u>

UPON CONSIDERATION of Plaintiff Eric Williams' Motion to Remand, any

opposition thereto, and the entire record herein, it is this _____ day of _____,

2008

ORDERED that Plaintiff's Motion to Remand is GRANTED.


_____
The Hon. William H. Alsup
United States District Judge


**ENTERED THIS _____ DAY OF 2008.**

1

Send to:

David Scher, California Bar No. 184562
R. Scott Oswald, *pro hac vice*
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff*

Cecily A. Waterman
Jennifer A. Lockhart
Morgan Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
*Counsel for Defendants*