DAVID SCHER, California Bar No. 184562
R. SCOTT OSWALD, *pro hac vice*
THE EMPLOYMENT LAW GROUP, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
dscher@employmentlawgroup.net
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff Eric Williams*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

_____

| | |
|---|---|
| **ERIC WILLIAMS** | Case No. 3:08-cv-01437-WHA |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM** |
| | **OF POINTS AND AUTHORITIES** |
| v. | **IN OPPOSITION TO DEFENDANTS'** |
| | **MOTION TO STAY PROCEEDINGS,** |
| BOSTON SCIENTIFIC CORPORATION, | **AND/OR, IN THE ALTERNATIVE,** |
| JAMES TOBIN, WILLIAM R. ROSKOPF, | **TO DISMISS** |
| JENNIFER A. HEGNER, THOMAS J. | |
| O'CONNELL, JR., AND DOES 1 through 10, | DATE: MAY 15, 2008 |
| inclusive, | TIME: 8:00 A.M. |
| | COURTROOM: 9 |
| Defendants. | JUDGE: HON. WILLIAM H. ALSUP |

_____

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
### IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
### <u>AND/OR, IN THE ALTERNATIVE, TO DISMISS</u>

David Scher, California Bar No. 184562
R. Scott Oswald, *pro hac vice*
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff*

Dated: April 23, 2008

# **TABLE OF CONTENTS**

**Page**

**TABLE OF CONTENTS** ...................................................................................................................ii

**TABLE OF AUTHORITIES** ............................................................................................................iii

**INTRODUCTION** ...........................................................................................................................2

**I.  FACTUAL BACKGROUND** ......................................................................................................3

**II. ARGUMENT** ............................................................................................................................5

  A. The SOX Scheme of Administrative Remedies Does Not Apply to the
    Common Law Claims Brought by Williams, and the Stay
    Requested by Defendants Should be Denied .......................................................................5

  B. Williams' First Cause of Action Should Not be Dismissed; Under
    California Law, the Individual Defendants are Liable for Wrongful
    Termination in Violation of Public Policy Because SOX, which Underlies
    the Public Policy, Makes Individuals Liable for Their Unlawful
    Retaliation Against Whistleblowers .......................................................................................7

  **CONCLUSION** ..........................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                                                                   **Page**

*Bozeman v. Per-Se Tech., Inc.*,
456 F. Supp. 2d 1282 (N.D. Ga. 2006) .......................................................................................... 10

*Harber v. Am. Airlines*,
2004 WL 2324112 (N.D. Cal. 2004) ............................................................................................. 9

*Jordan v. Sprint Nextel Corp.*,
2006-SOX-41 (ALJ Mar. 14, 2006) ............................................................................................. 10

*Leznik v. Nektar Therapeutics, Inc.*,
2006-SOX-00093 (ALJ Nov. 16, 2007) ....................................................................................... 10

*Medix Ambulance Serv., Inc. v. Super. Ct.*,
118 Cal. Rptr. 2d 249 (Cal. App. Dep't Super. Ct. 2002) ........................................................... 5-6

*Polkinghorne v. State Farm Mut. Auto Ins. Co.*,
2006 WL 1752605 (Cal. Dep't Super. Ct. 2006) ........................................................................ 7,8

*Reno v. Baird*,
957 P.2d 1333 (Cal. 1998) .............................................................................................................. 8

*Rojo v. Kliger*,
801 P.2d 373 (Cal. 1990) ................................................................................................................ 6

*Romaneck v. Deutsche Asset Mgmt.*,
2006 WL 2385237 (N.D. Cal. 2006) ........................................................................................ 5-6, 9

*Scott v. Solano County Health & Soc. Servs. Dep't*,
459 F. Supp. 2d 959 (E.D. Cal. 2006) ............................................................................................ 7

*Stevenson v. Super. Ct.*,
941 P.2d 1157 (Cal. 1997) ........................................................................................................... 5-8

**STATUTES, RULES, AND REGULATIONS**

Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514 ......................................................... 2, 9

Securities Exchange Act of 1934, 15 U.S.C. § 78 ......................................................................... 9

California Fair Employment and Housing Act (FEHA),

Cal. Gov't Code § 12900 *et seq.*........................................................................................................8

California Health and Safety Code §§ 110390, 110398, 111295,
and 111825 ..............................................................................................................................4, 9, 11

California Labor Code § 1102.5 ...................................................................................................4, 9

DAVID SCHER, California Bar No. 184562
R. SCOTT OSWALD, *pro hac vice*
THE EMPLOYMENT LAW GROUP, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
dscher@employmentlawgroup.net
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff Eric Williams*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIC WILLIAMS** | Case No. 3:08-cv-01437-WHA |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM** |
| | **OF POINTS AND AUTHORITIES** |
| v. | **IN OPPOSITION TO DEFENDANTS'** |
| | **MOTION TO STAY PROCEEDINGS,** |
| BOSTON SCIENTIFIC CORPORATION, | **AND/OR, IN THE ALTERNATIVE,** |
| JAMES TOBIN, WILLIAM R. ROSKOPF, | **TO DISMISS** |
| JENNIFER A. HEGNER, THOMAS J. | |
| O'CONNELL, JR., AND DOES 1 through 10, | DATE: MAY 15, 2008 |
| inclusive, | TIME: 8:00 A.M. |
| | COURTROOM: 9 |
| Defendants. | JUDGE: HON. WILLIAM H. ALSUP |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
### IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS
### AND/OR, IN THE ALTERNATIVE, TO DISMISS

Plaintiff Eric Williams ("Plaintiff" or "Williams"), by and through counsel, hereby opposes the Motion to Stay Proceedings Pursuant to FRCP 12(b)(1), and/or, in the Alternative, to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) ("Defendants' Motion") filed by Defendants Boston Scientific Corporation ("BSC"), James Tobin ("Tobin"), William R. Roskopf ("Roskopf"), Jennifer A. Hegner ("Hegner"), and Thomas J. O'Connell ("O'Connell") (collectively, "Defendants").

**INTRODUCTION**

  Defendants request that this Court stay these proceedings because Williams has not exhausted his administrative remedies under the Sarbanes-Oxley Act of 2002 ("SOX"). This request is without merit and should be denied. Under the clear precedent of this Court, the SOX scheme of administrative remedies applies only to statutory claims under SOX asserted in federal court and does not apply to common law claims. Williams has asserted common law claims, not a statutory claim under SOX. There is no basis for the stay Defendants seek.

  Defendants, in the alternative to the requested stay, ask this Court to dismiss Williams' three common law claims against Defendants Tobin, Roskopf, Hegner, and O'Connell (collectively, the "Individual Defendants") for failure to state a claim against the Individual Defendants. Defendants claim that "California law prohibits recovery against individual employees acting within the course and scope of their employment." *See* Defs.' Motion at 9. Defendants misstate California law, which makes individual employees liable for wrongful termination in violation of public policy where, as here, the statute underlying the public policy extends liability to individuals. Williams has thus stated a valid claim against the Individual Defendants under his first cause of action for wrongful termination in violation of public policy. Defendants' motion to dismiss should be denied as to that count.

  Defendants correctly state California law with regard to the lack of employee liability under the second and third causes of action brought by Williams for breach of implied-in-fact contract and breach of implied covenant of good faith and fair dealing. While Williams brought those two causes of action in good faith against all Defendants, he concedes, upon further review of California law, that only Defendant BSC is liable for breaching its implied-in-fact contract and implied covenant of good faith and fair dealing with Williams. Williams nonetheless asks

this Court to dismiss Defendants' Motion in its entirety because Defendants' removal to this Court was improper and therefore this Court lacks jurisdiction to act upon Defendants' motion. However, after this Court grants Williams' Motion to Remand, Williams represents that he will amend his complaint in the Superior Court of California to name only BSC as a defendant under his second and third causes of action.[1]

## I. FACTUAL BACKGROUND

Williams, a California resident, filed his complaint in the Superior Court of California, County of Alameda, Case No. GH08368500, on January 30, 2008. In his complaint, Williams alleges California common law claims of wrongful termination in violation of public policy, breach of implied contract, and breach of the implied covenant of good faith and fair dealing against Defendants BSC, Tobin, Roskopf, Hegner, O'Connell, and Does 1 through 10.

Williams' complaint alleges the following:

1. Defendants failed to promote Williams and ultimately terminated his employment in retaliation for his disclosure of repeated and systematic violations of BSC's process for the review and approval of promotional materials, sales support material, and training material for its medical products (defined in the complaint as "PSST Fraud").

2. In his first cause of action, Williams alleges all Defendants, in retaliation for his

---

[1] This Court has scheduled a hearing on May 15, 2008 to decide both Defendants' Motion and Williams' Motion to Remand. Both motions present the same questions – whether California law provides for individual liability under any of the three causes of action brought by Williams. Because California law does provide for individual liability for wrongful termination as Williams has pled that cause of action, this Court lacks jurisdiction over Williams' claims. Since there is not complete diversity between Williams and all Defendants, it would be improper for this Court to dismiss the second and third causes of action once it determines, as a preliminary matter, that it lacks jurisdiction.

3

disclosure of the PSST Fraud, wrongfully failed to promote him and terminated him in violation of fundamental public policy of the State of California, as that public policy is embodied in several statutory sources enumerated by Williams: (1) the employee protection provisions of Section 806(a)(l) and (2) of SOX, 18 U.S.C. § 1514A(a)(l) and (2); (2) Sections 110390, 110398, and 111295 of the California Health and Safety Code; (3) the FDCA and related regulations to ensure good manufacturing practices by all manufacturers of medical products; and (4) California Labor Code § 1102.5, which prohibits employer retaliation against a whistleblowing employee.

    3.   In his second cause of action, Williams alleges all Defendants breached their implied-in-fact contract with Williams by terminating him in retaliation for his disclosure of the PSST Fraud.

    4.   In his third cause of action, Williams alleges all Defendants breached the implied covenant of good faith and fair dealing contained in their contract with Williams by terminating him in retaliation for his disclosure of the PSST Fraud.

       On March 13, 2008, Defendants filed a Notice of Removal with this Court. In their Notice, Defendants assert that the Individual Defendants are all fraudulently joined and that complete diversity thus exists between Williams and properly joined Defendant(s). On April 10, 2008, Williams filed a Motion to Remand in which he argues that the Individual Defendants were properly joined under his first cause of action and removal to this Court was improper.

## II.     ARGUMENT

### A. The SOX Scheme of Administrative Remedies Does Not Apply to the Common Law Claims Brought by Williams, and the Stay Requested by Defendants Should be Denied.

Defendants' argument for a stay is without merit. In support of their motion to stay, Defendants cite the statutory requirement that a plaintiff exhaust his administrative remedies before he may assert a statutory claim <u>under SOX</u> in federal court. *See* Defs.' Motion at 7-8 (emphasis added). Williams does not dispute that statutory requirement. Defendants also cite two cases in which plaintiffs brought such claims, <u>under SOX</u>, and the courts thus properly examined whether the plaintiffs had exhausted their administrative remedies as a predicate to bringing their SOX claims in federal court. *See id.* (emphasis added). Williams does not dispute the relevance of SOX's exhaustion requirements to such claims brought <u>under SOX</u>. Defendants' argument is nonetheless irrelevant, and unavailing, because Williams has not brought a judicial claim <u>under SOX</u> prior to exhausting his administrative remedies. Williams has, instead, brought a common law claim for wrongful termination predicated on several statutes, including SOX.

This Court has specifically held that compliance with the administrative remedies in a statute's enforcement scheme, including SOX, is not required when a plaintiff brings a common law tort claim for wrongful termination based on the applicable statute. *See Romaneck v. Deutsche Asset Mgmt.*, 2006 WL 2385237, at *5 (N.D. Cal. 2006) (citing *Stevenson v. Super. Ct.*, 941 P.2d 1157, 1171-72 (Cal. 1997), in which the California Supreme Court explicitly ruled that <u>a common law wrongful termination claim based on a statutory prohibition is not subject to the underlying statute's administrative exhaustion requirements</u>) (emphasis added); *see also Medix Ambulance Serv., Inc. v. Super. Ct.*, 118 Cal. Rptr. 2d 249, 255-56 (Cal. App. Dep't

5

Super. Ct. 2002) (holding plaintiff with valid claim for specific tortious conduct such as wrongful discharge need not exhaust administrative remedies that apply under similar statutory claim); *Rojo v. Kliger*, 801 P.2d 373, 387-88 (Cal. 1990) (holding exhaustion not required before filing civil action for damages alleging nonstatutory causes of action).

In *Romaneck*, as in Williams' complaint, the plaintiff brought a claim for wrongful termination in violation of public policy predicated on several statutes, including SOX. *See Romaneck*, 2006 WL 2385237, at *2. The defendants in *Romaneck*, like Defendants here, argued that the plaintiff's wrongful termination claim required him to exhaust his administrative remedies under SOX. *See id.* at *5. This Court, relying on *Stevenson*, rejected that argument, holding as follows: ". . . a plaintiff asserting a common law tort claim for wrongful termination based on a particular statute need not comply with that statute's administrative remedies. . . Therefore, it is irrelevant that [the plaintiff] has not complied with the statutory enforcement scheme provided for by SOX because [the plaintiff] does not assert a statutory claim under that act." *See id.* (emphasis added). Williams, like the plaintiff in *Romaneck*, does not assert a statutory claim under SOX. The administrative exhaustion requirements under SOX do not apply to Williams' common law wrongful termination claim. The stay requested by Defendants has no basis and should be denied.[2]

---

[2] Defendants appear also to argue that there is judicial economy in waiting out administrative expiration of Williams' claim pending before the Occupational Safety and Health Administration ("OSHA"). Williams' OSHA claim expires on May 10, 2008, before the Court's hearing on this matter, and Williams does not intend at this time to pursue his OSHA claim in federal court anyway. Therefore, this point is moot and irrelevant.

6

> **B. Williams' First Cause of Action Should Not be Dismissed; Under California Law, the Individual Defendants Are Liable for Wrongful Termination in Violation of Public Policy Because SOX, which Underlies the Public Policy, Makes Individuals Liable for Their Unlawful Retaliation Against Whistleblowers.**

Williams has stated a valid claim under his first cause of action against the Individual Defendants for wrongful termination in violation of public policy. Defendants' motion to dismiss this count against the Individual Defendants should be denied. The Individual Defendants are liable under the common law of California for wrongful termination in violation of public policy where, as here, the statute underlying the public policy extends liability to individuals. California courts, and district courts interpreting California law, have not enunciated, as Defendants assert in their Motion, a blanket proscription that protects individuals from liability under a wrongful discharge cause of action. *See, e.g.*, *Scott v. Solano County Health & Soc. Servs. Dep't*, 459 F. Supp. 2d 959, 969 (E.D. Cal. 2006) (denying motion to dismiss filed by individual defendants who argued that "only an employer can be liable for the tort of wrongful discharge," and noting individual defendants failed to cite "any authority which supports [the] argument that a wrongful discharge claim cannot be asserted against individual employees or supervisors"); *Polkinghorne v. State Farm Mut. Auto Ins. Co.*, 2006 WL 1752605, at *13 (Cal. Dep't Super. Ct. 2006) (holding defendant's argument that he cannot, as a matter of law, be individually liable for wrongful termination in violation of public policy "is not correct").

Under California law, an individual defendant may be liable for wrongful termination in violation of public policy if the statute embodying the public policy on which the plaintiff relies provides for individual liability. *See Stevenson v. Super. Ct.*, 941 P.2d 1157, 1171-72 (Cal. 1997) (holding that "when a plaintiff relies upon a statutory prohibition to support a common law cause of action for wrongful termination in violation of public policy, the common law

7

claim is subject to statutory limitations affecting the nature and scope of the statutory prohibition") (emphasis added).  A common law claim for wrongful discharge in violation of public policy "merely provides another legal theory on which employees may pursue remedies comparable in all relevant respects to those already available to them" under the statute, or statutes, embodying the public policy.  *See id.* at 1174 (emphasis added).

California courts, including the *Stevenson* court, have often applied this principle to wrongful termination claims supported by the public policy embodied in the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12900 *et seq.  See id.; see, e.g.*, *Reno v. Baird*, 957 P.2d 1333, 1345-48 (Cal. 1998) (finding individual liability for supervisors exists where the relied-on public policy extends to individual defendants, and holding that because supervisors may not be sued for discrimination under FEHA, they may not be held liable for common law actions for wrongful discharge based on FEHA).  The California Supreme Court, in *Reno*, engaged in lengthy statutory interpretation of FEHA, and the legislature's intent in enacting FEHA, and based its analysis of individual liability for wrongful termination solely on its determination of the scope of individual liability for discrimination under FEHA.  *See id.* at 1344-48 (finding some FEHA provisions, "such as those involving harassment, do indeed apply to individual persons as well as employers" and would therefore support wrongful termination claims against individuals); *see also Polkinghorne*, 2006 WL 1752605, at *13 (explaining California legislature, in the wake of *Reno*, revised FEHA to expressly impose liability on individual employees for harassment).

The dispositive analysis for the viability of Williams' cause of action against the Individual Defendants for wrongful discharge in this action is not, of course, how California courts have interpreted the scope of individual liability under specific provisions of FEHA, or

8

under any statute not relied on by Williams for the public policy violated by the Individual Defendants. Rather, since it is settled California law that the scope of the underlying statute defines the scope of individual liability for wrongful discharge, Williams has pled a valid cause of action against the Individual Defendants if <u>any</u> of the underlying statutes he cites extends liability to individuals.³

Williams relies on several underlying statutes: (1) the employee protection provisions of Section 806(a)(l) and (2) of SOX; (2) Sections 110390, 110398, and 111295 of the California Health and Safety Code; (3) the FDCA and related regulations; and (4) California Labor Code § 1102.5.⁴ It is beyond dispute that Section 806 of SOX imposes individual liability for a retaliatory discharge: "No company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78l), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78o(d)), <u>or any officer, employee, contractor, subcontractor, or agent of such company, may discharge</u>, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee." § 806 of SOX, 18 U.S.C. §

---

³ Defendants mischaracterize Williams' wrongful termination cause of action as "for violation of California Labor Code Section 1102.5." *See* Defs.' Motion at 9. While that is one of the statutes relied on by Williams for the public policy Defendants violated, it is by no means the only statute on which he relies. By failing to address individual liability under each of the statues Williams cites, Defendants' argument is fatally incomplete.

⁴ Under California law, a plaintiff may predicate a wrongful termination claim on several statutes, including SOX, and the claim will survive if any one of the statutes supports a fundamental and substantial policy that inures to the public benefit. *See Romaneck*, 2006 WL 2385237, at *2 (refusing to issue summary judgment in favor of employer on plaintiff's wrongful termination claim based on SOX, where plaintiff predicated claim "on several statutes, including the age and disability provisions of [FEHA], state and federal leave statutes, and state and federal whisteblowing statutes"); *see also Harber v. Am. Airlines*, 2004 WL 2324112, at *1 (N.D. Cal. 2004) (holding public policy must be supported by either constitutional or statutory provisions; must inure to the benefit of the public; and must be "fundamental" and "substantial").

9

1514A (emphasis added).  The Department of Labor has consistently affirmed that individuals are liable for retaliation under SOX:

> [T]he Sarbanes-Oxley Act makes clear that the misconduct it protects against is not only that of a publicly traded company itself, but also that of "any officer, employee, contractor, subcontractor, or agent of such company," who retaliates or otherwise discriminates against the whistleblowing employee. . .  Similarly, the regulations implementing the Act state, in relevant part:
>
> Sarbanes-Oxley provides for employee protection from discrimination by companies <u>and representatives of companies</u> because the employee has engaged in protected activity pertaining to a violation or alleged violation of [various federal statutes and regulations] relating to fraud against shareholders.
>
> . . . Consistent with the express provisions of the Act, the term "<u>company representative</u> means any officer, employee, contractor, subcontractor, or agent of a company." [ ] Furthermore, the term "<u>named person</u> means the employer and/or the company or <u>company representative named in the complaint who is alleged to have violated the Act</u>."

*Jordan v. Sprint Nextel Corp.*, 2006-SOX-41 (ALJ Mar. 14, 2006) (emphasis added).

> The SOX Act imposes individual liability when a decision maker retaliates against an employee because [he] engaged in protected conduct.  <u>The Act is unusual in this respect</u>, as most other employment retaliation laws provide only for employer liability. . . Individual liability as a "named person" under the SOX Act and regulations should make supervisors or managers wary about retaliating against employees who raise problems they would rather ignore. . . Individual liability must be predicated on retaliatory intent that contributed to the decision to take an unfavorable personnel action; it need not be the sole factor that motivated the named individual.

*See Leznik v. Nektar Therapeutics, Inc.*, 2006-SOX-00093 at 62-63 (ALJ Nov. 16, 2007); *see also Bozeman v. Per-Se Tech., Inc.*, 456 F. Supp. 2d 1282, 1357 (N.D. Ga.2006) (regulations implementing SOX provide for individual liability).

Because Section 806 of SOX imposes individual liability for a retaliatory discharge, an individual defendant may be liable for wrongful termination in violation of public policy under

California law where, as in this case, SOX is one of the statutes embodying the public policy. Williams has more than adequately pled that retaliatory intent on the part of the Individual Defendants, including the non-diverse Individual Defendants, "contributed to the decision to take an unfavorable personnel action" against him. The Individual Defendants, by retaliating against Williams for his protected disclosures of the PSST Fraud, violated the fundamental and substantial policy embodied by SOX. They are all thus liable for wrongful termination under settled California law because SOX imposes individual liability on supervisors or managers who engage in retaliation.[5] Defendants' motion to dismiss Williams' first cause of action against the Individual Defendants should be denied.

## CONCLUSION

Plaintiff respectfully requests this Court deny Defendants' Motion to Stay Proceedings Pursuant to FRCP 12(b)(1), and/or, in the Alternative, to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), in its entirety.[6]

---

[5] One of the other statutory sources on which Williams relies also provides for individual liability. Sections 110390, 110398, and 111295 of the California Health and Safety Code make it unlawful for any person to, inter alia, disseminate a false advertisement of a medical device; to advertise an adulterated or misbranded medical device; or to manufacture or sell an adulterated medical device. See California Health and Safety Code, §§ 110390, 110398, 111295. Section 111825 establishes criminal penalties for any person who violates §§ 110390, 110398, and 111295. See California Health and Safety Code, § 111825. These sections thus offer alternative sources of liability for wrongful termination on the part of the Individual Defendants.

[6] While this Court lacks jurisdiction to dismiss Williams' second and third causes of action against the Individual Defendants, upon remand to the Superior Court of California, Williams represents that he will amend his complaint to name only BSC as a defendant under his second and third causes of action.

          Respectfully submitted,

_____/s/_____
David Scher, California Bar No. 184562
R. Scott Oswald, *pro hac vice*
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff*

12

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Stay Proceedings, and/or, in the Alternative, to Dismiss, and proposed Order, were served electronically this 23nd day of April, 2008, upon:

Cecily A. Waterman
Jennifer A. Lockhart
Morgan Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
*Counsel for Defendants*

_____/s/_____
David Scher

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

_____
                                            )
**ERIC WILLIAMS**                           )
                                            )
                                            )
   **Plaintiff,**                           )
                                            )
v.                                          ) Case No. 3:08-cv-01437-WHA
                                            )
**BOSTON SCIENTIFIC CORPORATION,**          )
**JAMES TOBIN, WILLIAM R. ROSKOPF,**        )
**JENNIFER A. HEGNER, THOMAS J.**           )
**O'CONNELL, JR., AND DOES 1 through 10,**  )
**inclusive,**                              )
                                            )
   **Defendants.**                          )
_____)

## ORDER

UPON CONSIDERATION of Defendants' Motion to Stay Proceedings Pursuant to FRCP 12(b)(1), and/or, in the Alternative, to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's opposition thereto, and the entire record herein, it is this _____ day of _____, 2008

ORDERED that Defendants' Motion to Stay Proceedings Pursuant to FRCP 12(b)(1), and/or, in the Alternative, to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) is DENIED.

                                        _____
                                        The Hon. William H. Alsup
                                        United States District Judge


**ENTERED THIS _____ DAY OF 2008.**

1

Send to:

David Scher, California Bar No. 184562
R. Scott Oswald, *pro hac vice*
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff*

Cecily A. Waterman
Jennifer A. Lockhart
Morgan Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
*Counsel for Defendants*