CECILY A. WATERMAN, State Bar No. 063502
JENNIFER A. LOCKHART, State Bar No. 236972
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendants
BOSTON SCIENTIFIC CORPORATION, JAMES
TOBIN, WILLIAM R. ROSKOPF, JENNIFER A.
HEGNER AND THOMAS J. O'CONNELL, JR.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILLIAMS,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>BOSTON SCIENTIFIC CORPORATION, JAMES TOBIN, WILLIAM R. ROSKOPF, JENNIFER A. HEGNER AND THOMAS J. O'CONNELL, JR., and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | Case No. 3:08-CV-01437-WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Hearing Date:　May 15, 2008<br>Courtroom:　　9<br>Time:　　　　　8:00 a.m.<br>Judge:　　　　Hon. William H. Alsup |

1-PA/3700723.2

Case No. 3:08-CV-01437-WHA

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ...........................................1

    A. The Parties .................................................................................................................1

        1. Plaintiff Eric Williams ....................................................................................1

        2. Defendant Boston Scientific (Plaintiff's Employer) ......................................1

        3. Defendant Jim Tobin (CEO of BSC) ..............................................................1

        4. Defendants Bill Roskopf, Jennifer Hegner and Thomas J. O'Connell, Jr. (The "California Employee Defendants") ..............................2

    B. November 12, 2007- January 10, 2008: Plaintiff Files A Complaint With the U.S. DOL Alleging Violations of the Sarbanes-Oxley Act Against Only BSC and Jim Tobin, and BSC and Tobin File Their Response Statement..............2

    C. January 30, 2008: Plaintiff Files A Complaint In The Alameda County Superior Court, Naming Additional BSC Employees as Defendants. .......................2

    D. March 13, 2008: Defendants Remove this Action to Federal Court on a Theory of Fraudulent Joinder of the Employee Defendants. ....................................3

III. ARGUMENT........................................................................................................................3

    A. Removal is Proper Where, As Here, Non-Diverse Parties are Fraudulently Joined. ........................................................................................................................3

    B. While Sarbanes-Oxley Provides For Individual Liability, Williams Did Not File A SOX Complaint Against Any of the California Employee Defendants Within The Applicable Statute Of Limitations. ...................................4

    C. Plaintiff Now Improperly Attempts to Name the California Employee Defendants In His California State Court Action In An Effort to Divest This Court of Jurisdiction. .........................................................................................5

        1. California Law Does Not Recognize Claims for Wrongful Termination in Violation Of Public Policy Against Individual Employee Defendants. ................................................................................5

            a. Plaintiff Misstates California Law In His Attempt to Create Individual Liability Against the Employee Defendants. ..................6

        2. Plaintiff Cannot State A Claim for Breach of Contract or Breach of the Covenant of Good Faith and Fair Dealing Against the Employee Defendants. ......................................................................................................9

IV. CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Bruin v. Mills College,*
  2007 WL 419783 (N.D. Cal. 2007) ............................................................................ 5, 6, 7

*Gould v. Maryland Sound Industries,*
  31 Cal.App.4th 1137, 1152 (1995) ..................................................................................... 9

*Gruenberg v. Aetna Ins. Co.,*
  9 Cal.3d 566, 576 (1973) ............................................................................................... 5, 7

*Jacobs v. Universal Dev. Corp.,*
  63 Cal. App. 4th 563 (1998) ........................................................................................ 5, 6, 7

*Khajavi v. Feather River Anesthesia Med. Group,*
  84 Cal.App.4th 32 (2000) ................................................................................................... 7

*Kim v. Regents of University of California,*
  80 Cal.App.4th 160, 164 (2000) ......................................................................................... 9

*McCabe v. General Foods Corporation,*
  811 F.2d 1336, 1339 (9th Cir. 1987) ............................................................................. 3, 4

*Morris v. Princess Cruises, Inc.,*
  236 F.3d 1061, 1067 (9th Cir. 2001) .................................................................................. 3

*Phillips v. Gemini Moving Specialists et al.,*
  63 Cal. App. 4th 563, 576 (1998) ................................................................................ 5, 6, 7

*Reno v. Baird,*
  18 Cal.4th 640 (1998) ......................................................................................................... 8

*Reynolds v. Bement,*
  36 Cal.4th 1075 (2005) ....................................................................................................... 9

*Rojo v. Klinge*
  (1990) 52 Cal.3d 65 ............................................................................................................ 8

*Scott v. Solano County Health & Soc. Servs. Dep't,*
  459 F.Supp.2d 959 (E.D. Cal 2006) ................................................................................... 7

*Shoemaker v. Myers,*
  52 Cal.3d 1 (1990) ......................................................................................................... 4, 9

*Stevenson v. Superior Court,*
  16 Cal. 4th 880 (1997) ........................................................................................................ 8

*Weinbaum v. Goldfarb, Whitman & Cohen,*
  46 Cal.App.4th 1310, 1315 (1996) ................................................................................. 5, 7

**Statutes**

Cal. Health & Safety Code §§110390; 110398; 111295 ......................................................... 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3700723.2                                  ii                        Case No. 3:08-CV-01437-WHA
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

California Health and Safety Code sections 110390, 110398 and 111295 ...................................... 6

Sarbanes-Oxley Act of 2002 .................................................................................................... 2, 3, 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3700723.2                                        iii                              Case No. 3:08-CV-01437-WHA

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

## I. INTRODUCTION

Plaintiff Eric Williams ("Plaintiff" or "Williams") has filed this Complaint ("Complaint") against Defendants Boston Scientific Corp. ("BSC"), and individual employee defendants James Tobin, William R. Roskopf, Jennifer Hegner and Thomas J. O'Connell, alleging three causes of action: wrongful termination in violation of public policy, breach of implied in fact contract, and breach of the covenant of good faith and fair dealing. It is a well-settled principle of California law that individual employees cannot be liable for wrongful termination in violation of public policy, for breach of an employment contract with the employer, or for breaching the covenant of good faith and fair dealing arising therefrom. Because Plaintiff cannot state a claim against employee defendants Tobin, Roskopf, Hegner or O'Connell, these Defendants are "sham defendants," and they should be disregarded for the purpose of determining diversity. There is complete diversity between Plaintiff and BSC, and this Court should therefore retain jurisdiction and deny Plaintiff's Motion to Remand.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. The Parties

#### 1. Plaintiff Eric Williams

Plaintiff was employed by BSC in its Neurovascular Marketing and Communications ("MarCom") department in Fremont, California. On or about November 9, 2007, BSC informed Plaintiff that his position (along with all the other positions in the MarCom Department) was being eliminated and outsourced in connection with a company-wide Reduction in Force ("RIF"). (Complaint ¶53).

#### 2. Defendant Boston Scientific (Plaintiff's Employer)

BSC is a worldwide developer, manufacturer and marketer of medical devices. (Complaint ¶¶11-12). Plaintiff worked in the Neurovascular division of the Company's Fremont, California facility. (Complaint, ¶11).

#### 3. Defendant Jim Tobin (CEO of BSC)

Jim Tobin is President and Chief Executive Officer of BSC's worldwide operations. A resident of Massachusetts, Mr. Tobin works out of BSC's Natick, Massachusetts headquarters.

the DOL to act on his Sarbanes-Oxley complaint, Plaintiff filed a civil complaint in the Alameda County Superior Court, restating the allegations set forth in his DOL Complaint, and asserting additional claims under California state law for wrongful termination in violation of public policy (based in part on his allegations that form the basis of his Sarbanes-Oxley complaint to the DOL), breach of implied in fact contract, and breach of the covenant of good faith and fair dealing against BSC and Tobin, and adding as new defendants BSC California Employee Defendants Roskopf, Hegner and O'Connell.[2]

### D. March 13, 2008: Defendants Remove this Action to Federal Court on a Theory of Fraudulent Joinder of the Employee Defendants.

On March 13, 2008, Defendants filed a Notice of Removal of the instant action from the Alameda Court Superior Court to the U.S. District Court for the Northern District of California. Defendants based their removal upon Plaintiff's fraudulent joinder of defendants Tobin, Roskopf, Hegner and O'Connell (hereinafter referred to as the "Employee Defendants"), on the grounds that, as a matter of law, Plaintiff fails to state a claim against the Employee Defendants.

## III. ARGUMENT

### A. Removal is Proper Where, As Here, Non-Diverse Parties are Fraudulently Joined.

Although complete diversity may not exist on the face of a complaint, a defendant may still remove a matter to federal court on the ground that any non-diverse individual defendants are "sham defendants," who must be disregarded by the Court for purposes of determining diversity. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). "If the plaintiff fails to state a cause of action against a resident defendant, and that failure is obvious ***according to the settled rules of the state,*** the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corporation,* 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added) (finding that an employee's supervisors were sham defendants because under California law, an individual manager or supervisor cannot be held liable for wrongful termination.)

---

[2] It is noteworthy that none of the California Employee Defendants was named in Plaintiff's DOL complaint, which was brought only against BSC and Massachusetts resident, Jim Tobin.

Here, as in *McCabe*, the Employee Defendants are sham defendants. Under binding California Supreme Court precedent, employees cannot be held liable for wrongful termination in violation of public policy, breach of contract, or breach of the covenant of good faith and fair dealing. *Shoemaker v. Myers,* 52 Cal.3d 1 (1990). Because, as shown below, Plaintiff's claims fail as a matter of law, their presence may properly be disregarded for the purposes of determining diversity, and the Court may retain jurisdiction.

**B.   While Sarbanes-Oxley Provides For Individual Liability, Williams Did Not File A SOX Complaint Against Any of the California Employee Defendants Within The Applicable Statute Of Limitations.**

In his Motion to Remand ("Motion"), Williams correctly points out that the Sarbanes-Oxley Act of 2002 provides that liability under the statute may be extended to all "officers, employees, contractors, subcontractors, or agents of a covered company." 29 C.F.R. 1980.101. What Williams omits to state, however, is that he did not name any of the California Employee Defendants in his Sarbanes-Oxley complaint filed with the DOL on November 12, 2007. Rather, Williams named only Defendants BSC and Jim Tobin, who are residents of the State of Delaware and Commonwealth of Massachusetts, respectively, and are completely diverse from Williams.

Furthermore, Williams fails to acknowledge that Section 1514A(b)(1)(D), which sets forth the statute of limitations under the Sarbanes-Oxley Act, provides that "An action under paragraph (1) shall be commenced not later than 90 days after the date on which the violation occurs. In his Complaint, Williams alleges that Defendants' final act of "retaliation" against him is evidenced by the fact that he was "terminated, ostensibly as part of this reduction in force, on or about November 9, 2007." Complaint ¶ 53. Applying Williams' description of the purported retaliatory actions by the California Defendants, he was required to have filed a Sarbanes-Oxley action against them within 90 days of his termination, or by February 7, 2008. He failed to do so, and now attempts improperly to end-run the expired statute of limitations under the Sarbanes-Oxley Act by crafting "public policy" and contract claims against the Employee Defendants without any legal basis for maintaining his action.

The fact that Williams failed timely to add the California Employee Defendants to his Sarbanes-Oxley Complaint does not provide him a basis for now improperly naming them as

sham defendants in this action. Therefore, Plaintiff's Motion to Remand should be denied.

C. **Plaintiff Now Improperly Attempts to Name the California Employee Defendants In His California State Court Action In An Effort to Divest This Court of Jurisdiction.**

    1. **California Law Does Not Recognize Claims for Wrongful Termination in Violation Of Public Policy Against Individual Employee Defendants.**

Williams cannot maintain his common law *Tameny* cause of action for wrongful termination in violation of public policy against the Employee Defendants because the tort is based on the employer-employee relationship. *Phillips v. Gemini Moving Specialists et al.*, 63 Cal. App. 4th 563, 576 (1998). Under this tort, only the employer, **not other employees**, can be held liable. *Jacobs v. Universal Dev. Corp.*, 63 Cal. App. 4th 563 (1998) (citing *Weinbaum v. Goldfarb, Whitman & Cohen,* 46 Cal.App.4th 1310, 1315 (1996); *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576 (1973)).

In *Bruin v. Mills College*, 2007 WL 419783 (N.D. Cal. 2007), this Court followed and confirmed the law of California that a plaintiff cannot state a *Tameny* claim for wrongful discharge in violation of public policy against another employee. In *Bruin*, the plaintiff, a former employee of Mills College, alleged that she was wrongfully constructively discharged in retaliation for her whistleblowing as an "outspoken advocate on issues related to race, gender and disability-based discrimination on campus," and because she criticized Mills' "frequent violations of health and safety standards." *Bruin* at *1. The plaintiff alleged, *inter alia*, that in retaliation for her reports that the College violated the Clery Act, (a federal statute requiring colleges and universities to keep and disclose information about crime on and near their respective campuses), her supervisors wrongfully demoted and constructively discharged her. *Id.* at *7. In support of her *Tameny* claims against the individual employee defendants, the Plaintiff emphasized that "neither the Ninth Circuit nor the California Courts have definitively ruled on the issue of whether a non-FEHA based *Tameny* claim may be maintained against an individual supervisor," and thus, no case law existed barring her from bringing such claims against the individual employee defendants. *Id.*

This Court expressly rejected the plaintiff's assertions, citing the California Court of

Appeal's unequivocal rulings in *Jacobs* and *Phillips, supra*, holding that "mere supervisors cannot be held liable for non-FEHA based *Tameny* claims. *Bruin* at *7, citing *Phillips*, 63 Cal. App. 4th at 576, and *Jacobs*, 63 Cal. App. 4th at 704. The Court reiterated that a tortious wrongful discharge claim is "inherently based on the *employer-employee* relationship," and a "basic duty imposed by law on all *employers*." *Bruin* at *8 (emphasis in original). Finally, noting the plaintiff's failure even to acknowledge *Phillips* or *Jacobs*, this Court dismissed the plaintiff's *Tameny* claims against the individual employee defendants without leave to amend. *Id.*

Here, Williams' employment relationship was with Defendant BSC—not the Employee Defendants. Similar to the plaintiff in *Bruin*, Williams' *Tameny* claims against the Employee Defendants allege retaliation in the form of an alleged failure to promote him and for his alleged wrongful termination—actions predicated upon the existence of an employer-employee relationship. Furthermore, like the plaintiff in *Bruin*, Williams fails to acknowledge the California Court of Appeal's rulings in either *Phillips* or *Jacobs*, and instead, asserts an extension of the law of individual liability that has decidedly never been adopted by California courts – indeed, has been rejected. *Id.*

Additionally, Plaintiff improperly attempts to base his *Tameny* claims against the Employee Defendants upon alleged violations of California Health and Safety Code sections 110390, 110398 and 111295. These statutes prohibit the dissemination of false advertisement of any drug; the advertisement of a drug that is adulterated or misbranded; or the manufacture, sale, delivery or offer for sale of any drug or device that is adulterated. See, Cal. Health & Safety Code §§110390; 110398; 111295. However, these statutes are **criminal, not civil** and do not provide for civil liability. Furthermore, Plaintiff fails to set forth any facts in support of his allegations that the Employee Defendants engaged in any conduct whatsoever giving rise to violations of any of these statutes. These statutes fail to provide any basis for Plaintiff to bring *civil* claims against the Employee Defendants.

   a. **Plaintiff Misstates California Law In His Attempt to Create Individual Liability Against the Employee Defendants.**

Plaintiff attempts to argue that, since individual liability does exist for harassment claims

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-PA/3700723.2  6  Case No. 3:08-CV-01437-WHA
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

based on violations of the FEHA, he has stated a claim in the instant case against the individual defendants based on alleged violations of the SOX, various sections of the California Health and Safety Code, the FDCA and related regulations, and/or California Labor Code 1102.5. Plaintiff, however, fails to offer **any** reported authority supporting the proposition that individuals can be held liable for wrongful termination claims. Instead, Plaintiff relies on cases that either are misstated law, bad law, or are simply are not analogous to the present claims.

Plaintiff first relies on *Scott v. Solano County Health & Soc. Servs. Dep't*, 459 F.Supp.2d 959 (E.D. Cal 2006) in an attempt to assert that individual defendants can be liable for wrongful termination claims. In *Scott*, a plaintiff brought, among others, a claim of wrongful termination in violation of public policy against individual defendants based on alleged underlying violations of Title VII, the FEHA, and sections of the California Constitution relating to protection against discrimination. *Scott*, 459 F.Supp.2d at 963. The defendants filed a motion to dismiss, arguing that the tort of wrongful discharge does not carry individual liability. The court denied the motion, reasoning that the **only** case defendants offered in support of the motion, *Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal.App.4th 32 (2000), did not address the issue of whether individual supervisors can be held liable for claims of wrongful discharge in violation of public policy, and the defendant failed to cite any other authority addressing this issue. *Scott* at 969.

However, in the instant case, Defendants **have** cited authorities holding that individual liability does not exist under a wrongful termination claim based on a non-FEHA violation. California Courts, and specifically, the California Supreme Court, have consistently held that *Tameny* claims, such as Williams', depend upon the existence of an employer-employee relationship. *Phillips v. Gemini Moving Specialists et al.*, 63 Cal. App. 4th 563, 576 (1998); *Jacobs v. Universal Dev. Corp.*, 63 Cal. App. 4th 563 (1998) (citing *Weinbaum v. Goldfarb, Whitman & Cohen,* 46 Cal.App.4th 1310, 1315 (1996)); *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576 (1973); *Bruin v. Mills College*, 2007 WL 419783 (N.D. Cal. 2007). Thus, *Scott* is not instructive in the instant case.

Second, Plaintiff relies on a case that does not even involve individual liability at all.

Plaintiff cites *Stevenson v. Superior Court*, 16 Cal. 4th 880 (1997) for the proposition that if a statute embodies individual liability, an individual can be held liable for wrongful termination based on violation of that statute. The *Stevenson* Court never ruled on individual liability, but rather discussed the issue of whether an employee could bring a wrongful termination claim based on violation of the FEHA without first exhausting administrative remedies provided under the FEHA. The *Stevenson* Court analyzed the issue *in the context of claims brought under FEHA*, relying on a prior case, *Rojo v. Klinger* (1990) 52 Cal.3d 65. The *Rojo* Court concluded that the employee need not exhaust administrative remedies under the FEHA before bringing a wrongful termination claim against the employer based on a FEHA violation. The *Rojo* Court reached this conclusion "after a careful examination of the FEHA as a whole and in particular its administrative scheme for processing employment discrimination complaints." The *Rojo* Court also called upon the legislative history of the FEHA to determine legislative intent. Therefore, the holdings of both *Rojo* and *Stevenson* are firmly rooted in the precise words and presumed legislative intent of the FEHA, and involve not individual liability, but *employer* liability for a claim of wrongful termination. These cases simply are not on point.

Plaintiff also relies on the California Supreme Court's ruling in *Reno v. Baird*, 18 Cal.4th 640 (1998), but grossly misstates the holding of this case. In *Reno*, an employee brought a discrimination claim under the FEHA, and a wrongful discharge in violation of public policy claim based on the alleged FEHA claim against both her employer and individuals. *Reno*, 18 Cal.4th at 643-44. After carefully reviewing the FEHA language, the *Reno* Court held that the FEHA ***did not*** provide for individual liability for a discrimination claim, ***and the individuals in turn could not be held liable for a wrongful termination claim based on the same allegations***. *Reno* at 664. In its discussion, the *Reno* Court noted that some provisions of the FEHA, such as those involving harassment, do apply to individuals. Williams, however, takes great license in restating *Reno's* holding. Williams asserts that the *Reno* Court found "individual liability for supervisors exists where the relied-on public policy extends to individual defendants…" and "found some FEHA provisions, 'such as those involving harassment, do indeed apply to individual persons as well as employers' *and would therefore support wrongful termination*

*claims against individuals.*" (Motion at p.7) (citing *Reno*) (emphasis added).[3] The *Reno* Court, however, held no such thing.

Because Plaintiff has not, and cannot point to any authority permitting him to maintain his *Tameny* claims against any of the Employee Defendants, the California Employee Defendants should be disregarded for purposes of determining diversity jurisdiction (and all Employee Defendants should be dismissed), and this Court should retain jurisdiction over this matter.

### 2. Plaintiff Cannot State A Claim for Breach of Contract or Breach of the Covenant of Good Faith and Fair Dealing Against the Employee Defendants.

Resting on his mischaracterization of his ability to state a claim of wrongful termination in violation of public policy against the Employee Defendants, Plaintiff simply concludes that he has established a lack of complete diversity between the parties. Plaintiff is once again mistaken.

Plaintiff cannot maintain a claim of breach of implied contract or breach of the implied covenant of good faith and fair dealing against individuals who were not parties to any such alleged contract or duties deriving therefrom. Corporate agents and employees acting for and on behalf of a corporation cannot be held liable for a breach of the corporation's contract. *Shoemaker v. Myers*, 52 Cal.3d 1, 24 (1990), *see also, Reynolds v. Bement*, 36 Cal.4th 1075 (2005).

Plaintiff also asserts a claim against the Employee Defendants for breach of the implied covenant of good faith and fair dealing, which claim can exist only if an enforceable contract was formed between those parties to the contract. *Kim v. Regents of University of California*, 80 Cal.App.4th 160, 164 (2000). The covenant of good faith and fair dealing rises and falls with the underlying contract: "[s]ince the good faith covenant is an implied term of a contract, the existence of a contractual relationship is thus a prerequisite for any action for breach of the covenant." *Id.*; *see also Gould v. Maryland Sound Industries*, 31 Cal.App.4th 1137, 1152 (1995) (because plaintiff failed to state a cause of action for breach of an implied-in-fact agreement not to terminate him except for good cause, it necessarily follows he cannot state a cause of action for

---

[3] Plaintiff also attempts to support his argument by citing to *Polkinghorne v. State Farm Mut. Auto Ins. Co*, which is an unreported case and thus should be disregarded completely.

breach of the implied covenant of good faith and fair dealing).

Here, Plaintiff fails to establish the existence of any valid claim against the Employee Defendants. His failure to establish the existence of any contractual obligation between him and the California Employee Defendants further establishes their status as sham defendants, apparently added in an effort to destroy diversity between Plaintiff and Defendant BSC.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion to Remand and should retain jurisdiction over Plaintiff's Complaint.

Dated: April 24, 2008

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Cecily A. Waterman
Cecily A. Waterman
Jennifer A. Lockhart
Attorneys for Defendants
BOSTON SCIENTIFIC CORPORATION, JAMES TOBIN, WILLIAM R. ROSKOPF, JENNIFER A. HEGNER AND THOMAS J. O'CONNELL, JR.