DAVID SCHER, California Bar No. 184562
R. SCOTT OSWALD, *pro hac vice*
THE EMPLOYMENT LAW GROUP, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
dscher@employmentlawgroup.net
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff Eric Williams*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

_____

| | |
|---|---|
| **ERIC WILLIAMS** | ) Case No. 3:08-cv-01437-WHA |
| Plaintiff, | ) **PLAINTIFF'S REPLY** |
| | ) **MEMORANDUM IN FURTHER** |
| v. | ) **SUPPORT OF HIS MOTION TO** |
| | ) **REMAND** |
| **BOSTON SCIENTIFIC CORPORATION,** | ) |
| **JAMES TOBIN, WILLIAM R. ROSKOPF,** | ) DATE: MAY 15, 2008 |
| **JENNIFER A. HEGNER, THOMAS J.** | ) TIME: 8:00 A.M. |
| **O'CONNELL, JR., AND DOES 1 through 10,** | ) COURTROOM: 9 |
| inclusive, | ) JUDGE: HON. WILLIAM H. ALSUP |
| Defendants. | ) |

_____)

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF
HIS MOTION TO REMAND**

Plaintiff Eric Williams ("Williams"), by and through undersigned counsel, submits this memorandum in support of his Motion to Remand ("Motion") and in reply to the opposition to his Motion ("Opposition") filed by Defendants Boston Scientific Corporation ("BSC"), James Tobin ("Tobin"), William R. Roskopf ("Roskopf"), Jennifer A. Hegner ("Hegner"), and Thomas J. O'Connell, Jr. ("O'Connell") (collectively, "Defendants").

California law makes individual employees liable for wrongful termination in violation of public policy where, as in this case, the statute underlying the public policy extends liability to individuals.  Defendants removed to this Court on the basis of their assertion that California law exempts individual employees from such liability and complete diversity thus exists between Williams and BSC, the only "proper" Defendant.  Because Defendants misinterpret California law and Williams has stated a valid claim against Tobin, Roskopf, Hegner, and O'Connell (collectively, the "Individual Defendants"), complete diversity does not exist and this Court must grant Williams' Motion and remand to the Superior Court of California, County of Alameda.

## I.     FACTUAL BACKGROUND

Williams filed his complaint in the Superior Court of California, County of Alameda, on January 30, 2008.  In his complaint, Williams alleges California common law claims of wrongful termination in violation of public policy, breach of implied contract, and breach of the implied covenant of good faith and fair dealing against BSC and the Individual Defendants.

Williams is a resident of California.  BSC is incorporated in Delaware and has its principal place of business in Massachusetts.  Roskopf, Hegner, and O'Connell are residents of California.  Tobin is a resident of Massachusetts.

On March 13, 2008, Defendants filed a Notice of Removal ("Notice") with this Court.  In their Notice, Defendants assert that the Individual Defendants are all fraudulently joined and that complete diversity thus exists between Williams and BSC.

## II.    STANDARD OF REVIEW

Defendants have the burden of establishing that removal is proper.  *See Bellecci v. GTE Sprint Commc'ns Corp.*, 2003 WL 151538, at *3 (N.D. Cal. 2003); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002) (party asserting federal jurisdiction has

burden of establishing it); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (Ninth Circuit strictly construes removal statute against removal jurisdiction and must reject federal jurisdiction if there is <u>any doubt</u> as to right of removal. *See id.* (emphasis added). Courts in the Northern District of California determining a claim of fraudulent joinder must <u>resolve all disputed questions of fact and all ambiguities in the controlling state law in plaintiff's favor and, having done so, must then determine that plaintiff "could not possibly recover against" a non-diverse defendant</u>. *See id.* at *3 (emphasis added); *see also Bravo*, 1994 WL 570643 at *2 (N.D. Cal. 1994) (court must evaluate plaintiff's allegations in the light most favorable to plaintiff; must resolve all contested issues of substantive fact in plaintiff's favor; and must "<u>further resolve all ambiguities of the state law</u>" in plaintiff's favor) (emphasis added). Any possibility that plaintiff may recover against a non-diverse defendant requires the court to remand. *See Calero,* 271 F. Supp. 2d at 1176 (defendants must show non-diverse defendant cannot be liable on <u>any theory</u>) (emphasis added); *Bellecci*, 2003 WL 151538, at *3; *see also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (plaintiff's failure to state cause of action against resident defendant must be "obvious according to the settled rules of the state").

### III.   ARGUMENT

**A. The Individual Defendants are Liable for Wrongful Termination in Violation of Public Policy Because SOX, the Statute Underlying the Public Policy, Extends Liability to Individuals.**

The Individual Defendants, including those who reside in California, are liable under the common law of California for wrongful termination in violation of public policy where, as here, the statute underlying the public policy extends liability to individuals. In his Motion, Williams cites *Stevenson v. Super. Ct.*, 941 P.2d 1157, to support the fundamental proposition that, under

3

California law, the scope of liability conferred by the underlying statute defines the scope of liability for the tort of wrongful termination. *See* Motion at 6; *see Stevenson*, 941 P.2d at 1171-72, 1174 (holding scope of statutory prohibition relied on by plaintiff to state public policy defines scope of cause of action for wrongful termination in violation of that public policy). Defendants argue that *Stevenson* is not "on point" because it did not address individual liability but rather discussed administrative exhaustion requirements "in the context of claims brought under FEHA." *See* Opposition at 8.

*Stevenson* is precisely on point. As Defendants indirectly acknowledge, California courts determine the scope of liability for wrongful termination by examining "the precise words and presumed legislative intent" of the underlying statute. *See id.* This is true whether the issue is *employer* liability or *individual* liability. *See, e.g., Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1162-74 (2008) (finding scope of individual liability for retaliatory termination depends upon underlying statutory language and legislative intent); *Winarto v. Toshiba Am. Elec. Components, Inc.*, 274 F.3d 1276, 1287-88 (9th Cir. 2001) (finding scope of individual liability for retaliatory termination depends upon underlying statutory language and legislative intent); *Reno v. Baird*, 957 P.2d 1333, 1345-48 (Cal. 1998) (finding scope of individual liability for wrongful termination depends upon legislative intent and language of underlying statute).

Defendants claim Williams "grossly misstates the holding" of *Reno*. *See* Opposition at 8. Defendants characterize the holding in *Reno* as follows: "After carefully reviewing the [language of the underlying statute], the *Reno* Court held that the FEHA [the underlying statute] did not provide for individual liability for a discrimination claim, and the individuals in turn could not be held liable for a wrongful termination claim based on the same allegations." *See id.* (emphasis in original omitted). Williams agrees with this characterization and argued

4

accordingly in his Motion.  *See* Motion at 6-7.  The clear import of *Reno*, as Williams noted, is that it follows the fundamental principle enunciated in *Stevenson* and extends that principle to individual liability in the context of wrongful termination – if the underlying statute makes individuals liable, there is individual liability for a wrongful termination that violates the public policy embodied in the statute.  Defendants never directly address this principle and never argue that it does not apply to Williams.

As Williams noted in his Motion, California courts have often applied this principle to wrongful termination claims supported by the public policy embodied in the California Fair Employment and Housing Act (FEHA).  The *Reno* court found that FEHA provides for individual liability for harassment but not for discrimination, and applied that finding to a wrongful termination claim.  *See Reno*, 957 P.2d at 1345-48.  In *Winarto*, the Ninth Circuit held that FEHA also provides for individual liability for retaliatory termination.  *See Winarto*, 274 F.3d at 1287-88.  In *Lodge at Torrey Pines P'ship*, the California Supreme Court, disagreeing with the Ninth Circuit in *Winarto*, held that FEHA did not provide for individual liability for retaliatory termination.  *See Lodge at Torrey Pines P'ship*, 42 Cal. 4th at 1162-74.

While these courts have examined and distinguished the nature of discrimination, harassment, and retaliation in determining the scope of individual liability based on FEHA, they have always grounded their examinations on, and limited those examinations to, FEHA's statutory language and the legislature's intent in enacting that language.   Williams correctly argues that the dispositive analysis for the viability of his cause of action against the Individual Defendants is not the scope of individual liability under specific provisions of FEHA, but rather the *Stevenson* principle that undergirds the FEHA analyses – the scope of the statute defines the scope of the wrongful termination tort.  *See* Motion at 7.

Defendants apparently ask this Court to hold that, under California law, either (1) there is never individual liability for a wrongful termination; or (2) such individual liability exists only when FEHA is the underlying statute and harassment is alleged. For the first proposition, Defendants cite five cases, including a 2007 decision by this Court. *See* Opposition at 5, citing *Bruin v. Mills Coll.*, 2007 WL 419783 (N.D. Cal 2007) and earlier cases that Defendants claim "confirm[ ] the law of California that a plaintiff cannot state a *Tameny* claim for wrongful discharge in violation of public policy against another employee." As *Reno*, *Winarto*, *Lodge at Torrey Pines P'ship*, and a line of similar cases demonstrate, such a blanket proscription against individual liability is overly broad and misstates California law. <u>At the very least</u>, California law permits a cause of action against an individual for wrongful termination where harassment is alleged and FEHA is the underlying statute.

Defendants cite the <u>same</u> five cases for the proposition that "individual liability does not exist under a wrongful termination claim <u>based on a non-FEHA violation</u>." *See id.* at 7 (emphasis added). Defendants do not explain how to reconcile the overly broad holdings they cite to show there is <u>never</u> individual liability for a wrongful termination claim, with their more narrow argument that such individual liability does exist, but only in a FEHA-based context. Nor do Defendants explain why the *Stevenson* principle applies in the FEHA context but should not apply when the underlying statute is something other than FEHA – particularly where, as in this case, the underlying statute, and Congressional intent in enacting the statute, without question makes individuals liable for the violation of the public policy. This Court should hold that *Stevenson* applies to any underlying statute, not just FEHA; and should hold that, under

6

California law, individuals may be liable for wrongful termination in violation of public policy where the underlying statute makes them liable.[1]

### B. Williams was Not Required to Name the Individual Defendants in His SOX Complaint Before the Department of Labor in Order to Assert Their Liability for Wrongful Termination in Violation of California Law.

Defendants argue that Williams may not name the Individual Defendants in this action because he chose not to name them in his SOX complaint filed with the Department of Labor. *See* Opposition at 4. Defendants base this argument on the SOX statute of limitations, which requires that an action under SOX "be commenced not later than 90 days after the date on which the violation occurs." *See id.* There is no merit to this argument. Williams has not brought an action against the Individual Defendants under SOX and the SOX statute of limitations is irrelevant to his California state claims. Defendants make the same mistake they made in their Motion to Stay Proceedings and/or, in the Alternative, to Dismiss ("Motion to Stay"), where they argued that SOX administrative remedies somehow applied to Williams' California state claims. Williams repeats here the argument he made in refuting the similarly baseless claim in the Motion to Stay.

Williams has not brought a judicial claim under SOX. This Court has specifically held that compliance with a statute's enforcement scheme, including SOX, is not required when a plaintiff brings a common law tort claim for wrongful termination based on the applicable statute. *See Romaneck v. Deutsche Asset Mgmt.*, 2006 WL 2385237, at *5 (N.D. Cal. 2006) (holding "it is irrelevant that [the plaintiff] has not complied with the statutory enforcement

---

[1] Defendants concede, without qualification, that SOX makes individuals liable for retaliatory terminations. *See* Opposition at 4.

7

scheme provided for by SOX because [the plaintiff] does not assert a statutory claim under that act.") (emphasis added).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant his Motion to Remand.

Respectfully submitted,

_____/s/_____
David Scher, California Bar No. 184562
R. Scott Oswald, *pro hac vice*
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Reply Memorandum in Further Support of His Motion to Remand was served electronically this 1st day of May, 2008, upon:

Cecily A. Waterman
Jennifer A. Lockhart
Morgan Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105
*Counsel for Defendants*

_____/s/_____
David Scher