CECILY A. WATERMAN, State Bar No. 063502
JENNIFER A. LOCKHART, State Bar No. 236972
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendants
BOSTON SCIENTIFIC CORPORATION, JAMES
TOBIN, WILLIAM R. ROSKOPF, JENNIFER A.
HEGNER AND THOMAS J. O'CONNELL, JR.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BOSTON SCIENTIFIC CORPORATION, JAMES TOBIN, WILLIAM R. ROSKOPF, JENNIFER A. HEGNER AND THOMAS J. O'CONNELL, JR.<br><br>　　　　　Defendants. | Case No. 3:08-CV-01437-WHA<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STAY PROCEEDINGS PURSUANT TO FRCP 12(b)(1), AND/OR, IN THE ALTERNATIVE, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Hearing Date: May 15, 2008<br>Courtroom: 9<br>Time: 8:00 a.m.<br>Judge: Hon. William H. Alsup |

I.  **INTRODUCTION**

Plaintiff Eric Williams ("Plaintiff" or "Williams") improperly asserts claims against his former co-employees, Defendants Jim Tobin, William Roskopf, Jennifer Hegner and Thomas J. O'Connell, Jr. (the "Employee Defendants"), alleging that each of them wrongfully terminated his employment in violation of California public policy. In his Opposition to Defendants' Motion to Dismiss, Williams concedes that his second and third causes of action, for breach of implied contract and breach of the implied covenant of good faith and fair dealing, respectively, fail to state a claim against the Employee Defendants. However, just as those two claims fail, the applicable California authorities confirm, *as a matter of law*, that Williams' *Tameny* claim of retaliation in violation of public policy lies solely against his former employer, Boston Scientific

1-PA/3702757.1                                                            Case No. 3:08-CV-01437-WHA

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Corporation ("BSC").

Because Williams cannot state any claim against the Employee Defendants, his first claim for retaliation in violation of public policy, as well as his second and third claims, should be dismissed without leave to amend as to Defendants Tobin, Roskopf, Hegner and O'Connell.

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

On November 12, 2007 (six days after he was informed of his position elimination and termination), Plaintiff filed a Complaint with the U.S. Department of Labor, ("DOL"), alleging that Defendants BSC and Jim Tobin denied him a promotion and ultimately terminated his employment in retaliation for raising concerns about errors in BSC's PSST/LAR process, in violation of the Sarbanes-Oxley Act (sometimes hereinafter "SOX"). On January 10, 2008, Defendants BSC and Tobin filed a Response Statement with the DOL, addressing the allegations in Plaintiff's Complaint, and asserting that Plaintiff's claims failed to state a prima facie case under Sarbanes-Oxley.

Prior to receiving any ruling or findings from the DOL, and prior to the 180-day period for the DOL to act on a Complaint, Plaintiff filed a civil complaint in the Alameda County Superior Court, essentially restating the allegations set forth in his DOL Complaint, and asserting additional claims under California state law for wrongful termination in violation of public policy (the "*Tameny*" claim), breach of implied in fact contract and breach of the covenant of good faith and fair dealing against BSC and Tobin, along with newly-added (California residents) BSC employees Roskopf, Hegner and O'Connell.

On March 18, 2008, Defendants filed their Motion to Stay, or in the Alternative, To Dismiss ("Motion"), Plaintiff's claims against the Employee Defendants on the grounds that Plaintiff's state court complaint fails to state any claim against the Employee Defendants and was prematurely filed prior to the resolution of his Sarbanes-Oxley action filed with the U.S. Department of Labor. Defendants' Motion to Stay was filed to serve the purposes of judicial economy, by preventing the possibility of inconsistent rulings with respect to Plaintiff's public policy claim and his DOL Complaint.

After Defendants filed their Motion, this Court issued a scheduling order, setting a hearing

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3702757.1                                     2                          Case No. 3:08-CV-01437-WHA
DEFENDANTS' REPLY MOTION TO STAY PROCEEDINGS PURSUANT TO FRCP 12(B)(1), AND/OR, IN THE ALTERNATIVE, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

date after the expiration of the DOL's exclusive 180 day jurisdiction during which to resolve Plaintiff's Sarbanes-Oxley claims, thereby obviating the concerns about judicial economy and the potential for inconsistent rulings, as raised in Defendants' Motion to Stay.

Notably, in his Opposition to Defendants' Motion to Dismiss, Plaintiff concedes his failure to state a claim against the Employee Defendants with respect to his second and third causes of action for breach of implied contract and breach of the implied covenant of good faith and fair dealing. Consequently, the only issue remaining before the Court in this motion is Plaintiff's first cause of action against the Employee Defendants. Under controlling California authorities, Plaintiff cannot, as a matter of law, state a *Tameny* claim against the Employee Defendants. Therefore, his first (and only) remaining cause of action should be dismissed as to each of the Employee Defendants.

### III. ARGUMENT

#### A. Plaintiff Fails to State A Claim Against the Employee Defendants.

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action may be dismissed for "failure to state a claim upon which relief can be granted." The Supreme Court has recently made clear that the proper standard of review on a motion to dismiss is that a motion may be granted only if the plaintiff can prove no set of facts that would entitle him or her to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). It is the plaintiff's obligation to provide the "grounds" for its entitlement to relief, which requires more than "labels and conclusions." *Id.* In other words, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Because Plaintiff's claims arise under California State law, this Court applies the substantive law of California. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Further, a court may dismiss a complaint with prejudice if the defects in the complaint cannot be cured by the allegation of additional facts consistent with the challenged pleading. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). "A district court does not err in denying leave to amend where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citation omitted).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3702757.1                          3                       Case No. 3:08-CV-01437-WHA
DEFENDANTS' REPLY MOTION TO STAY PROCEEDINGS PURSUANT TO FRCP 12(B)(1), AND/OR, IN THE ALTERNATIVE, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Here, because Williams' claim of wrongful termination in violation of public policy cannot be amended to state a claim against the Employee Defendants, his claims against them should be dismissed without leave to amend.

### B. This Court Must Apply California Law in Determining Whether Plaintiff May State a *Tameny* Claim of Wrongful Termination Against The Employee Defendants.

On all substantive questions of local nonfederal law, the decisions of the state courts are binding on federal courts. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). State courts are the ultimate expositors of state law. *Morgan v. Robinson*, 156 F. Supp. 2d 1133, 1142 (C.D. Cal. 2001). Thus, a federal district court is not free to question the state courts' determination of state law. *Hodges v. Newland*, 172 F. Supp. 2d 1245, 1250-51 (N.D. Cal. 2001). Rather,

> State law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule, however superior it may appear from the viewpoint of 'general law' and however much the state rule may have departed from prior decisions of the federal courts.

*West v. American Telephone & Telegraph Co.*, 311 U.S. 223, 237 (1940). Even where a state supreme court has not ruled on a particular issue, federal courts must apply the rulings of the state's Court of Appeal, "which [are] not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.*

#### 1. Binding California Authorities Preclude *Tameny* Claims Against the Employee Defendants.

The California Supreme Court has ruled that individual employees, such a plaintiff's supervisors, cannot be held personally liable for claims of retaliation in violation of public policy for business-related employment decisions (such as hiring, promotion and firing). *Reno v. Baird*, 18 Cal.4th 640 (1998); *Jones v. The Lodge At Torrey Pines Partnership*, 42 Cal.4th 1158 (2008). Rather, the Court has consistently ruled that because the tort of retaliation in violation of public policy exists only within the scope of the employer-employee relationship, individual employees, such as the Employee Defendants, do not share an "employer-employee" relationship with the plaintiff, and therefore cannot, as a matter of law, be held personally liable for wrongfully

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3702757.1                            4                    Case No. 3:08-CV-01437-WHA
DEFENDANTS' REPLY MOTION TO STAY PROCEEDINGS PURSUANT TO FRCP 12(B)(1), AND/OR, IN THE ALTERNATIVE, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

retaliating against a fellow employee.

In *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980), the California Supreme Court addressed whether a wrongful termination claim could proceed absent a specific statute barring an employer from terminating an employee who refuses to act illegally. In *Tameny*, the plaintiff alleged that he was fired for refusing to engage in price-fixing in violation of the Cartwright Act and the Sherman Antitrust Act. *Tameny*, 27 Cal. 3d at 170-71. The Court, recognizing the ability to state a claim of wrongful termination in violation of public policy against one's employer, explained that the ability to bring such a claim "reflects a duty imposed by law upon all **employers** in order to implement the fundamental public policies embodied in the state's penal statutes." *Id.* at 176 (emphasis added).

Subsequently, in *Reno v. Baird*, 18 Cal.4th 640 (1998), the Court considered the FEHA's purpose, legislative history, and public policy in order to determine whether supervisors can be held liable for alleged discriminatory decisions amounting to "personnel actions."[1] *Reno*, 18 Cal.4th at 646. The *Reno* Court observed that it is not the purpose of the FEHA to expose individual employees to personal liability for making routine personnel decisions. *Id.* The Court determined that individuals could not be personally liable for discrimination, and concluded that this reasoning was equally applicable in the retaliation context, observing that the imposition of individual liability for retaliation would not serve the public good, since supervisors cannot avoid making personnel decisions that might give rise to the perception of retaliation. *Id.* at 649-50. Public policy favors permitting supervisors and managers to make objective decisions without the fear of a lawsuit every time they must act. *Id.* at 646-47. Public policy also requires a recognition that corporate employment decisions are often collective, making it unfair to impose legal responsibility on one person in many instances. *Id.* Based on this analysis, the *Reno* Court concluded that because that plaintiff could not sue her supervisor under the FEHA, she also could

---

[1] Williams asserts that the *Reno* Court found "individual liability for supervisors exists where the relied-on public policy extends to individual defendants..." and "found some FEHA provisions, 'such as those involving harassment, do indeed apply to individual persons as well as employers,' and would therefore support wrongful termination claims against individuals." (Motion at p.8) (citing *Reno*). Contrary to Plaintiff's creative reading of the *Reno* decision, it does not support holding individuals liable for wrongful termination claims and has never been cited for such a proposition by any court.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3702757.1                                      5                    Case No. 3:08-CV-01437-WHA
DEFENDANTS' REPLY MOTION TO STAY PROCEEDINGS PURSUANT TO FRCP 12(B)(1), AND/OR, IN THE ALTERNATIVE, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

not sue her supervisor for wrongful discharge in violation of public policy. *Id.* at 664.

Applying the California Supreme Court's rulings in *Tameny* and *Reno*, the California Court of Appeal has issued a number of decisions confirming, as a matter of law, that individual supervisors cannot be held liable for wrongful termination in violation of public policy. *Phillips v. Gemini Moving Specialists et al.*, 63 Cal. App. 4th 563, 576 (1998) (while plaintiff properly alleged a tort claim of wrongful discharge against his former employer, the trial court's dismissal of the action as to the supervisory employee was proper because "it is the employer, and not third parties, who can be held liable to the discharged employee in his or her suit for wrongful discharge in violation of public policy."); *Jacobs v. Universal Dev. Corp.*, 53 Cal.App.4th 692 (1997) (dismissing the plaintiff's action against the defendant supervisors, holding that only an employer could be liable for tortious wrongful discharge); *Weinbaum v. Goldfarb, Whitman & Cohen*, 46 Cal.App.4th 1310, 1315 (1996) ("There is nothing ... we have found to suggest that this tort [wrongful termination in violation of public policy] imposes a duty of any kind on anyone other than the employer. Certainly, there is no law we know of to support the notion that anyone other than the employer can discharge an employee.")

On March 3, 2008, the California Supreme Court issued its ruling in *Jones v. The Lodge At Torrey Pines Partnership*, 42 Cal.4th 1158 (2008), in which it confirmed that California's Fair Employment and Housing Act did *not* provide a cause of action against an individual supervisor for retaliation. *Jones*, 42 Cal.4th at 1164 ("*Reno's* rationale for not holding individuals personally liable for discrimination applies equally to retaliation"). Noting the fact that making personnel decisions is an "inherent and unavoidable" part of a supervisor's role, the *Jones* Court examined the competing interests a supervisor would be subject to if faced with individual liability whenever making an employment-related decision:

> The supervisory employee would be pressed to make whatever decision was least likely to lead to a claim of discrimination against the supervisory employee personally, or likely to lead only to that discrimination claim which could most easily be defended. The employee would thus be placed in the position of choosing between loyalty to the employer's lawful interests at severe risk to his or her own interests and family, versus abandoning the employer's lawful interests and protecting his or her own personal interests. The insidious pressures of such a

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1-PA/3702757.1     6     Case No. 3:08-CV-01437-WHA
DEFENDANTS' REPLY MOTION TO STAY PROCEEDINGS PURSUANT TO FRCP 12(B)(1), AND/OR, IN THE ALTERNATIVE, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

conflict present sobering implications for the effective management of our industrial enterprises and other organizations of public concern.

*Id.* at 1166, quoting *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 74 (1996). The *Jones* Court further noted that the reasons for prohibiting claims of individual liability in the discrimination context also apply to retaliation claims, holding "[i]f an employee gains a reputation as a complainer, supervisors might be particularly afraid to impose discipline on that employee or make other lawful personnel decisions out of fear the employee might claim the action was retaliation for the complaining. *Id.* at 1167. Based on these policy considerations, the *Jones* Court ultimately concluded that while an employer may be held liable for retaliation under the FEHA, "nonemployer individuals are not personally liable for their role in that retaliation." *Id.* at 1173. *Jones* reaffirms the policy underpinning in *Tameny, Reno, Phillips, Weinbaum* and *Jacobs* all of which hold that public policy employment claims lie only against the employer.

Thus, according to binding California Supreme Court precedent, Williams cannot maintain his common law *Tameny* cause of action for retaliation in violation of public policy against the Employee Defendants.

    2.    **Even Where, As Here, A Plaintiff Bases His *Tameny* Claim On An Underlying Statute Which Provides For Individual Liability, He Still Cannot State A Claim Against A Fellow Employee.**

Plaintiff attempts to distinguish his case from binding California precedent, arguing that because his *Tameny* claims of retaliatory employment decisions are premised upon statutes providing for individual liability, he therefore properly states a claim against the Employee Defendants. However, an analysis of binding California authority demonstrates that Plaintiff again misstates the law.

In *Khajavi v. Feather River Anesthesia Medical Group*, 84 Cal.App.4th 32 (2000), the California Court of Appeal held that an individual defendant who was not plaintiff's employer could not be held liable for the Plaintiff's discharge. *Khajavi*, 84 Cal.App.4th at 53. Defendant Feather River employed the plaintiff as an anesthesiologist. The plaintiff and the individual defendant, a surgeon, argued about whether they should proceed with a surgery, and the plaintiff refused to attend to the patient during the surgery. *Id.* at 37. The individual defendant reported

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3702757.1    7    Case No. 3:08-CV-01437-WHA
DEFENDANTS' REPLY MOTION TO STAY PROCEEDINGS PURSUANT TO FRCP 12(B)(1), AND/OR, IN THE ALTERNATIVE, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

the incident to the head of Feather River, the plaintiff's employer, and the plaintiff was subsequently discharged. *Id.* The plaintiff claimed that both defendants discharged him in retaliation for his advocating "medically appropriate health care" in violation of Business and Professions Code section 2056. *Id.*

California Business and Professions Code section 2056 provides, *inter alia*, that:

> No person shall terminate, retaliate against, or otherwise penalize a physician and surgeon for that advocacy, nor shall any person prohibit, restrict, or in any way discourage a physician and surgeon from communicating to a patient information in furtherance of medically appropriate health care.

Cal Bus. & Prof. Code §2056 (c). While this underlying statute prohibits conduct by "any person," the California Court of Appeal held that the individual defendant could not be held liable for the plaintiff's discharge. The court reasoned that only an employer can be held liable for the tort of wrongful discharge in violation of public policy, and that because the plaintiff and the individual defendant did not have an employment relationship, the individual defendant was not a proper party to the claim. *Khajavi*, 84 Cal.App.4th at 53.

In a recent decision, *Bruin v. Mills College*, 2007 WL 419783 (N.D. Cal. 2007), this Court also followed and confirmed the law of California, providing that a plaintiff cannot state a *Tameny* claim for wrongful discharge in violation of public policy against another employee. In *Bruin,* the plaintiff, a former employee of Mills College, alleged that she was wrongfully constructively discharged in retaliation for her whistle blowing as an "outspoken advocate on issues related to race, gender and disability-based discrimination on campus," and because she criticized Mills' "frequent violations of health and safety standards." *Bruin* at *1. The plaintiff alleged, *inter alia*, that in retaliation for her reports that the College violated the Clery Act, (a federal statute requiring colleges and universities to keep and disclose information about crime on and near their respective campuses), her supervisors wrongfully demoted and constructively discharged her. *Id.* at *7. In support of her *Tameny* claims against the individual employee defendants, the plaintiff argued that "neither the Ninth Circuit nor the California Courts have definitively ruled on the issue of whether a non-FEHA based *Tameny* claim may be maintained against an individual supervisor," and thus, no case law existed barring her from bringing such

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3702757.1                    8                    Case No. 3:08-CV-01437-WHA
DEFENDANTS' REPLY MOTION TO STAY PROCEEDINGS PURSUANT TO FRCP 12(B)(1), AND/OR, IN THE ALTERNATIVE, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

claims against the individual employee defendants. *Id.*

Citing the California Court of Appeal's unequivocal rulings in *Jacobs, Weinbaum* and *Phillips, supra,* this Court rejected the plaintiff's assertions, holding that supervisors cannot be held liable for non-FEHA based *Tameny* claims. *Bruin* at *7, citing *Phillips,* 63 Cal. App. 4th at 576, and *Jacobs,* 63 Cal. App. 4th at 704. This Court reiterated that a tortious wrongful discharge claim is **"*inherently based on the employer-employee relationship,*"** and a "basic duty imposed by law **on all employers.**" *Bruin* at *8 (emphasis added). Finally, noting the plaintiff's failure even to acknowledge *Phillips* or *Jacobs,* this Court dismissed the plaintiff's *Tameny* claims against the individual employee defendants without leave to amend. *Id.*

Here, Williams' employment relationship was with Defendant BSC—not the Employee Defendants. Similar to the plaintiffs in *Bruin, Khajavi, Phillips, and Jacobs,* Williams' *Tameny* claims against the Employee Defendants allege retaliation in the form of various employment decisions, all predicated upon the existence of an employer-employee relationship. In addition, Williams fails to acknowledge the California Court of Appeal's rulings in either *Phillips* or *Jacobs,* and instead, argues for an extension of the law of individual liability that has decidedly never been adopted by California courts – indeed, it has been expressly rejected. *Id.*

Finally, Plaintiff improperly attempts to base his *Tameny* claims against the Employee Defendants upon alleged violations of California Health and Safety Code sections 110390, 110398 and 111295. These statutes prohibit the dissemination of false advertisement of any drug; the advertisement of a drug that is adulterated or misbranded; or the manufacture, sale, delivery or offer for sale of any drug or device that is adulterated. *See,* Cal. Health & Safety Code §§110390; 110398; 111295. However, these statutes are criminal, not civil, and do not provide for civil liability. Furthermore, Plaintiff fails to set forth any facts in support of his allegations that the Employee Defendants engaged in any conduct whatsoever giving rise to violations of any of these statutes. These statutes fail to provide any basis for Plaintiff to bring civil claims against the Employee Defendants.

Because the binding California authorities preclude Williams from stating a public policy claim against the Employee Defendants, this Court should dismiss Plaintiff's claims against the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3702757.1                                9                        Case No. 3:08-CV-01437-WHA
DEFENDANTS' REPLY MOTION TO STAY PROCEEDINGS PURSUANT TO FRCP 12(B)(1), AND/OR, IN THE ALTERNATIVE, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Employee Defendants.

### 3. Plaintiff Misstates the Applicable Authorities, Which Confirm His Inability To State A Claim Against the Employee Defendants.

Plaintiff contends that since individual liability exists for harassment claims based on violations of the FEHA, he has stated a claim in the instant case against the Employee Defendants based on alleged violations of SOX, various sections of the California Health and Safety Code, the FDCA and related regulations, and/or California Labor Code 1102.5. Plaintiff, however, fails to offer any reported authority supporting the proposition that individuals can be held liable for employment decisions made by the employer. Instead, Plaintiff relies on cases that either are misstated law, bad law, or simply are not analogous to the present claims.

Plaintiff first relies on *Scott v. Solano County Health & Soc. Servs. Dep't*, 459 F.Supp.2d 959 (E.D. Cal 2006) in an attempt to assert that non-employer defendants are liable for wrongful termination claims. In *Scott*, the plaintiff brought, among others, a claim of wrongful termination in violation of public policy against individual defendants based on violations of Title VII, the FEHA, and sections of the California Constitution relating to protection against discrimination. *Scott*, 459 F.Supp.2d at 963. The defendants filed a motion to dismiss, arguing that the tort of wrongful discharge does not carry individual liability. The court denied the motion, on the grounds that the defendants had failed to provide legal authority for the principle that individual supervisors cannot be held liable for claims of wrongful discharge. *Scott* at 969.

However, in the instant case, Defendants *have* addressed this issue, citing numerous cases holding that individual liability does not exist for a public policy wrongful discharge claim whose genesis lies in the employer-employee relationship. California Courts have consistently held that *Tameny* claims, such as Williams', depend upon the existence of an employer-employee relationship. *Phillips v. Gemini Moving Specialists et al.*, 63 Cal. App. 4th 563, 576 (1998); *Jacobs v. Universal Dev. Corp.*, 63 Cal. App. 4th 563 (1998) (citing *Weinbaum v. Goldfarb, Whitman & Cohen*, 46 Cal.App.4th 1310, 1315 (1996)); *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576 (1973); *Bruin v. Mills College*, 2007 WL 419783 (N.D. Cal. 2007). Thus, *Scott* is not instructive in the instant case.

1-PA/3702757.1                                  10                     Case No. 3:08-CV-01437-WHA
DEFENDANTS' REPLY MOTION TO STAY PROCEEDINGS PURSUANT TO FRCP 12(B)(1), AND/OR, IN THE ALTERNATIVE, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1. Second, Plaintiff relies on a case that does not even involve individual liability at all. Plaintiff cites *Stevenson v. Superior Court*, 16 Cal. 4th 880 (1997) for the proposition that if a statute embodies individual liability, an individual can be held liable for wrongful termination based on violation of that statute. The *Stevenson* Court never ruled on individual liability, but rather discussed whether an employee could bring a wrongful termination claim based on violation of the FEHA without first exhausting administrative remedies provided under the FEHA. The *Stevenson* Court analyzed the issue in the context of claims brought under the FEHA, relying on a prior case, *Rojo v. Klinger* (1990) 52 Cal.3d 65. Here, however, Plaintiff's claims are not based on the FEHA, or his ability to state a claim under that statute. Thus, the *Stevenson* case is simply not on point.

Because Plaintiff has not, and cannot point to any authority permitting him to maintain his *Tameny* claims against any of the Employee Defendants, his claim for wrongful termination against the Employee Defendants should be dismissed with prejudice.

## IV. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's *Tameny* claims (Plaintiff's First Cause of Action), as well as his Second and Third Causes of Action against the Employee Defendants.

Dated: May 1, 2008

MORGAN, LEWIS & BOCKIUS LLP

By _____
Cecily A. Waterman
Attorneys for Defendants
BOSTON SCIENTIFIC CORPORATION, JAMES TOBIN, WILLIAM R. ROSKOPF, JENNIFER A. HEGNER AND THOMAS J. O'CONNELL, JR.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-PA/3702757.1    11    Case No. 3:08-CV-01437-WHA
DEFENDANTS' REPLY MOTION TO STAY PROCEEDINGS PURSUANT TO FRCP 12(B)(1), AND/OR, IN THE ALTERNATIVE, TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)