IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>BOSTON SCIENTIFIC CORPORATION, JAMES TOBIN, WILLIAM R. ROSKOPF, JENNIFER A. HEGNER, THOMAS J. O'CONNELL, JR., AND DOES 1 through 10, inclusive,<br><br>    Defendants. | No. C 08-01437 WHA<br><br>**ORDER: (1) DENYING PLAINTIFF'S MOTION TO REMAND; (2) DENYING DEFENDANTS' MOTION TO STAY; (3) GRANTING DEFENDANTS' MOTION TO DISMISS; AND (4) VACATING HEARING** |

**INTRODUCTION**

In this wrongful-termination action, plaintiff seeks to remand the matter to state court. Defendants move to stay this action, or in the alternative, to dismiss the action with respect to the individual defendants. The central issue for the motion to remand is whether plaintiff has failed to state a claim against the individual defendants whose presence destroys complete diversity and the Court's subject-matter jurisdiction. For the reasons stated below, this order holds that plaintiff has not stated a claim against the individual defendants. Plaintiff's motion to remand is therefore **DENIED** and defendants' motion to dismiss defendants James Tobin, William R. Roskopf, Jennifer A. Hegner, and Thomas J. O'Connell, Jr. is **GRANTED**. Defendants' motion to stay is **DENIED**. The hearing on these motions is hereby **VACATED**.

**STATEMENT**

Plaintiff filed this action in California state court on January 30, 2008, against defendants Boston Scientific Corporation ("BSC"), James Tobin, William Roskopf, Jennifer Hegner, and Thomas O'Connell. BSC is a Massachusetts corporation headquartered in Natick, Massachusetts. Defendant Tobin is a resident of Massachusetts and defendants Roskopf, Hegner, and O'Connell are residents of California.

According to the complaint, defendants retaliated against plaintiff by terminating his employment after he notified executives of alleged breaches of the company's own procedures for reviewing promotional materials. Plaintiff acknowledges that his termination occurred in connection with a "legitimate" reduction in force but contends that defendants "exploited the occasion of the legitimate reduction in force" to retaliate against him (Compl. ¶ 54). Plaintiff also asserts that defendants retaliated against him by failing to promote him prior to his termination.

The complaint alleges claims for wrongful termination in violation of public policy, breach of implied contract, and breach of the implied covenant of good faith and fair dealing. Plaintiff predicates his claim for wrongful discharge in violation of public policy on various federal and state statutes, including: (i) the Sarbanes-Oxley Act (18 U.S.C. 1514A(a)(1) and (2)); (ii) the California Health and Safety Code (Sections 110390, 110398, 111295); (iii) the California Labor Code (Section 1102.5); and (iv) the Federal Food, Drug, and Cosmetic Act. According to the complaint, these federal and state statutes create "fundamental and substantial public polic[ies] of the State of California" that support the common-law claim for wrongful termination in violation of public policy (Compl. ¶¶ 93–100).

Defendants removed to federal court on March 13, 2008, contending that defendants Roskopf, Hegner, and O'Connell were fraudulently joined and that diversity jurisdiction is therefore proper. Defendants filed this motion to stay, or in the alternative, to dismiss defendants Tobin, Roskopf, Hegner, and O'Connell on March 28. Plaintiff filed this motion to remand on April 10.

2

**ANALYSIS**

**1.  PLAINTIFF'S MOTION TO REMAND.**

    **A.  Legal Standard.**

A defendant may remove a civil action from state court to federal court pursuant to 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing proper removal. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Specifically, defendant here has the burden of showing that this Court can exercise diversity jurisdiction under 28 U.S.C. 1332, namely, that plaintiff has different state citizenship from all properly named defendants. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus*, 980 F.2d at 566.

If a defendant establishes fraudulent joinder, the presence of a non-diverse or resident defendant will not defeat diversity jurisdiction. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). To prove fraudulent joinder, a defendant must show that "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." *Ibid.* The defendant "need not show that the joinder of the non-diverse party was for the purpose of preventing removal" but must demonstrate instead "that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). In considering whether defendants have been fraudulently joined, the court may consider information outside the pleadings. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

    **B.  Plaintiff Fails to State a Claim Against the Individual Defendants.**

        *(1)  Wrongful Termination in Violation of Public Policy.*

Defendants argue that removal to federal court is proper because the individual defendants are "sham" defendants against whom plaintiff has *not* stated a claim. They argue that it is "a well-settled principle of California law" that individual employees *cannot* be liable for wrongful termination in violation of public policy (Br. 1). In contrast, plaintiff argues that

under "settled California law" individuals *are* liable for wrongful termination in violation of public policy if the underlying statute renders them liable. Plaintiff argues that because the Sarbanes-Oxley Act renders individuals liable for retaliation against whistle-blowers, a wrongful termination claim exists against individuals as well. *See* 18 U.S.C. 1514A. This order concludes that individuals *cannot* be sued for wrongful termination in violation of public policy under California case law.

In *Tameny v. Atlantic Richfield*, 27 Cal. 3d 167 (1980), the Supreme Court of California established the common-law tort of wrongful discharge in violation of public policy. In that case, an employer discharged an employee because of the employee's refusal to participate in an illegal price-fixing scheme. The lower court sustained the employer defendant's demurrer, finding no cause of action for discharging the at-will employee. In reversing, the Supreme Court of California held that "when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Id.* at 170. The decision categorized this common-law tort as one of "wrongful discharge" of an employee that "contravenes public policy." *Id.* at 177–78.

Several appellate court decisions have clarified that a *Tameny* claim can only be brought against an *employer*. In *Weinbaum v. Goldfaub, Whitman & Cohen*, 46 Cal. App. 4th 1310, 1315 (1996), the court addressed the question of whether a third-party defendant, not the plaintiff's employer, could be liable for conspiracy to wrongfully terminate the plaintiff's employment in violation of public policy. In ruling that the third-party could not be liable to the plaintiff for wrongful discharge, the court explained that the "the duty on which the tort is based is a creature of the employer-employee relationship." *Ibid.* The court continued, "[t]here is nothing . . . we have found to suggest that this tort imposes a duty of any kind on anyone other than the employer." *Ibid.*

In *Jacobs v. Universal Development Corp.*, 53 Cal. App. 4th 692 (1997), the plaintiff sued both his employer and two supervisors for wrongful discharge, alleging that he was fired for refusing to participate in a rebate program that violated federal lending laws. In dismissing

4

the action against the defendant supervisors, the court cited *Weinbaum* and held that only an employer could be held liable for tortious wrongful discharge. *Jacobs*, 53 Cal. App. 4th at 704. Similarly, in *Phillips v. Gemini Moving Specialists*, 63 Cal. App. 4th 563 (1998), the plaintiff alleged that certain funds were improperly taken out of his paycheck and that he was improperly fired after he complained. The court reversed the trial court's dismissal of the plaintiff's *Tameny* claim against his employer but upheld the dismissal of the plaintiff's claims against his paymaster/supervisor, concluding that individuals could *not* be liable for the tort of wrongful discharge. *Id.* at 576; *see also Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal. App. 4th 32, 53 (2000) ("As a matter of law, only an employer can be liable for the tort of wrongful discharge in violation of public policy.").

Plaintiff urges the Court to conclude that a *Tameny* claim can be brought against an individual if the underlying statute renders the individual liable. But plaintiff misstates the holding of the main decision on which he relies to support his argument. In an explanatory parenthetical, plaintiff summarizes *Reno v. Baird*, 18 Cal. 4th 640 (1998), as "finding individual liability for supervisors exists where the relied-on public policy extends to individual defendants" (Br. 6). The California Supreme Court made no such holding in *Reno*. In *Reno*, the plaintiff sued several business entities and individuals for violations of the California Fair Employment and Housing Act ("FEHA") and for wrongful discharge in violation of public policy predicated on FEHA. The court held that (i) supervisors may not be sued under FEHA for alleged discrimination and (ii) that supervisors may not be sued for wrongful termination predicated on FEHA. To be sure, the court rested its holding concerning wrongful termination on its conclusion that FEHA does not extend liability to supervisors. *Id.* at 664 ("[I]t would be absurd to forbid a plaintiff to sue a supervisor under the FEHA, then allow essentially the same action under a different rubric."). But the court did *not* hold that

5

supervisors can be sued for wrongful termination where the underlying statute renders them liable.*

In essence, plaintiff argues that because an underlying statute can *limit* a *Tameny* claim, an underlying statute can also *augment* a *Tameny* claim. This is not so. The appellate courts in *Weinbaum*, *Jacobs,* and *Phillips* held that the *Tameny* cause of action *itself* limits liability to employers. In *Bruin v. Mills College*, 2007 WL 419783 (N.D. Cal. Feb. 6, 2007), this Court followed the holdings of these decisions by concluding that in California "[t]he very basis of a *Tameny* claim is a wrongful *discharge* by an *employer*." *Id.* at *7 (emphasis in original). This order holds that plaintiff has failed to state a claim for wrongful termination against the individual defendants.

### *(2) Claims for Breach of Implied Contract and Breach of Implied Covenant of Good Faith And Fair Dealing.*

Defendants also argue that plaintiff has not stated a claim for breach of implied contract nor for breach of the implied covenant of good faith and fair dealing. They argue that under well-established law, individuals who were not parties to a contract cannot be held liable for breaches related to that contract. *See Shoemaker v. Myers*, 52 Cal. 3d 1, 24 (1990); *see also Kim v. Regents of Univ. of Cal.*, 80 Cal. App. 4th 160, 164 (2000). Plaintiff does not challenge this contention and instead focuses throughout his briefs on his claim for wrongful termination. This order agrees with defendants that plaintiff has not stated a claim for breach of implied contract nor for breach of the implied covenant of good faith and fair dealing against the individual defendants. As a result, defendants have met their burden in proving that removal is proper because plaintiff has failed to state a claim against the individual defendants.

### 2. DEFENDANTS' MOTION TO STAY.

Defendants move to stay this action pursuant to Federal Rule of Civil Procedure 12(b)(1) pending plaintiff's exhaustion of administrative remedies under the Sarbanes-Oxley

---

\* Plaintiff further misconstrues the holding in *Reno* by suggesting that the court concluded the harassment provision of FEHA *would* support wrongful termination claims against individuals (Br. 7). In fact, the Reno court explicitly stated that it made no holding regarding individual liability for harassment. *Id.* at 645 n.2 ("We express no opinion regarding individuals' liability for harassment.").

6

Act. Defendants argue that plaintiff should not have filed this action until 180 days after the initial filing of plaintiff's administrative complaint with the Occupational Safety and Health Administration ("OSHA") because OSHA has exclusive jurisdiction under 18 U.S.C. 1514A(b)(1) during this time. Defendants move to stay this action until after the 180-day period, which ended on May 10, 2008. Notwithstanding the fact that this date has come and gone, this order finds defendants' argument without merit. The California Supreme Court has explicitly held that common-law claims for wrongful termination predicated on violation of a statute need not comply with the underlying statute's exhaustion requirements. *Stevenson v. Superior Court*, 16 Cal. 4th 880, 904–05 (1997); *see also Romaneck v. Deutsche Asset Mgmt.*, 2006 U.S. Dist. LEXIS 59397, *11, *16 (N.D. Cal. Aug. 17, 2006). Plaintiff need not exhaust administrative remedies under the Sarbanes-Oxley Act in order to assert common-law claims for wrongful termination. Defendants' motion to stay this action is therefore **DENIED**.

### 3. DEFENDANTS' MOTION TO DISMISS.

Defendants move to dismiss the individual defendants for failure to state a claim. A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (internal citations omitted).

For the reasons discussed above, plaintiff has failed to state a claim against the individual defendants. Defendants' motion to dismiss defendants Tobin, Roskopf, Hegner, and O'Connell is therefore **GRANTED**.

7

**CONCLUSION**

For the reasons stated above, plaintiff has not stated a claim against the individual defendants named in the complaint, including California residents Roskopf, Hegner, and O'Connell. As a result, complete diversity exists here and jurisdiction under 28 U.S.C. 1332 is proper. Plaintiff's motion to remand is therefore **DENIED** and defendants' motion to dismiss defendants Tobin, Roskopf, Hegner, and O'Connell is **GRANTED**. Defendants' motion to stay is **DENIED**. The hearing on these motions is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: May 13, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE