DAVID SCHER, California Bar No. 184562
R. SCOTT OSWALD, *pro hac vice*
THE EMPLOYMENT LAW GROUP, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
dscher@employmentlawgroup.net
(202) 261-2806
(202) 261-2835 (facsimile)
*Counsel for Plaintiff Eric Williams*

CECILY A. WATERMAN, State Bar No. 063502
JENNIFER A. LOCKHART, State Bar No. 236972
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA 94105
cwaterman@morganlewis.com
(415) 442-1000
(415) 442-1001 (facsimile)
*Counsel for Defendant Boston Scientific Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILLIAMS,<br><br>                    Plaintiff,<br><br>vs.<br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>                    Defendant. | Case No. 3:08-CV-01437-WHA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE:    June 19, 2008<br>TIME:    11:00 A.M.<br>CTRM:   9<br>JUDGE:  Hon. William H. Alsup<br><br>JURY TRIAL DEMANDED |

The parties to the above-entitled action submit this Joint Case Management Statement.

**JOINT CASE MANAGEMENT STATEMENT**

**1. Jurisdiction and Service**

This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332. This is a civil action where the amount in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and in between citizens of different states. No issues exist regarding personal jurisdiction or venue and all parties have been served with process.

**2. Facts**

Plaintiff Eric Williams ("Williams") filed this action in California state court on January 30, 2008, against Defendants Boston Scientific Corporation ("BSC"), James Tobin, William Roskopf, Jennifer Hegner, and Thomas O'Connell. BSC is a Massachusetts corporation headquartered in Natick, Massachusetts. Defendant Tobin is a resident of Massachusetts and defendants Roskopf, Hegner, and O'Connell are residents of California.

Plaintiff alleges that Defendant retaliated against Plaintiff by terminating his employment after he notified executives of alleged breaches of the company's own procedures for reviewing promotional materials (the "PSST Process"). Plaintiff acknowledges that his termination occurred in connection with a legitimate reduction in force but contends that defendants exploited the occasion of the legitimate reduction in force to retaliate against him. Plaintiff also asserts that Defendants retaliated against him by failing to promote him prior to his termination.

The complaint alleges claims for wrongful termination in violation of public policy, breach of implied contract, and breach of the implied covenant of good faith and fair dealing.

Defendants removed this action to federal court on March 13, 2008, contending that Defendants Roskopf, Hegner, and O'Connell were fraudulently joined and that diversity jurisdiction is therefore proper. Defendants, James Tobin, William R. Roskopf, Jennifer A. Hegner and Thomas J. O'Connell, Jr., were dismissed by Order of the Court dated May 13, 2008.

BSC's Answer to Williams' Complaint is due on or before June 16, 2008. BSC will respond in detail denying that it engaged in any wrongdoing and denying that it has any liability to Plaintiff.

**3. Legal Issues**

Plaintiff's causes of action are as follows:

First Cause of Action: Wrongful Termination in Violation of Public Policy (Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980)). Plaintiff alleges that, in reporting possible errors in the PSST Process to BSC executives and management, he reported acts that constituted

1  violations of various California and federal statutes and regulations, including: (i) the Sarbanes-
2  Oxley Act (18 U.S.C. 1514A(a)(1) and (2)); (ii) the California Health and Safety Code (Sections
3  110390, 110398, 111295); (iii) the California Labor Code (Section 1102.5); and (iv) the Federal
4  Food, Drug, and Cosmetic Act.  Plaintiff alleges that these federal and state statutes create
5  fundamental and substantial public policies of the State of California that support the common-
6  law claim for wrongful termination in violation of public policy.  Plaintiff further alleges that
7  Defendant, in failing to promote Plaintiff and in terminating Plaintiff in retaliation for his
8  reporting on the PSST Process, violated the fundamental and substantial public policy of the State
9  of California reflected in various California and federal statutes.

10       Second Cause of Action:  Breach of Implied-in-Fact Contract.  Plaintiff alleges that he and
11  BSC entered into an implied-in-fact contract that included within its terms a guarantee that BSC
12  and/or its agents and employees would not retaliate against Plaintiff because he made a good-faith
13  report, or assisted with or cooperated in an investigation of a report, whether such reports were
14  made or investigated by BSC, a government, or a government official.  Plaintiff claims that he
15  performed all the terms, conditions, covenants, and promises on his part to be performed under
16  his implied-in-fact contract with BSC.  Plaintiff further claims that BSC refused to promote
17  Plaintiff and terminated him in retaliation for his disclosures regarding the PSST Process, and
18  thereby breached its implied-in-fact contract with Plaintiff.

19       Third Cause of Action:  Breach of Implied Covenant of Good Faith and Fair Dealing.
20  Plaintiff claims that the alleged implied-in-fact contract between Plaintiff and BSC contained an
21  implied covenant of good faith and fair dealing, which obligated Defendant to perform the terms
22  and conditions of the contract fairly and in good faith and to refrain from doing any act that
23  would prevent or impede Plaintiff from performing any or all of the conditions of the contract that
24  he agreed to perform, or any act that would deprive Plaintiff of the benefits of the contract.
25  Plaintiff claims that he performed all of the terms, conditions, covenants, and promises on his part
26  to be performed under his implied-in-fact contract with Defendant.  Plaintiff further alleges that
27  Defendant refused to promote Plaintiff and terminated Plaintiff in retaliation for his disclosures
28  regarding the PSST Process, and thereby breached the implied covenant of good faith and fair

dealing contained in its contract with Plaintiff.

**4. Motions**

<u>Plaintiff's Motion to Remand</u>:  Plaintiff filed a Motion to Remand on April 10, 2008. Plaintiff's motion was denied by Order dated May 13, 2008.

<u>Defendants' Motion to Stay</u>:  Defendants filed a Motion to Stay pursuant to Federal Rule of Civil Procedure 12(b)(1) pending Plaintiff's exhaustion of administrative remedies under the Sarbanes-Oxley Act on March 28, 2008.  Defendants' motion was denied by Order dated May 13, 2008.

<u>Defendants' Motion to Dismiss</u>:  Defendants filed a Motion to Dismiss individual defendants, Tobin, Roskopf, Hegner and O'Connell, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 28, 2008.  Defendants' motion to dismiss defendants Tobin, Roskopf, Hegner, and O'Connell was granted by Order dated May 13, 2008.

<u>Stipulation to Extend Defendant's Deadline to File an Answer to Plaintiff's Complaint</u>: On May 23, 2008, Plaintiff and Defendant BSC (the only remaining defendant), filed a Stipulation to extend the deadline for BSC to file its Answer to Plaintiff's complaint to June 16, 2008.  The Stipulation was granted on May 27, 2008.

**5. Amendment of Pleadings**

Plaintiff anticipates no amendments to its pleadings.

BSC will file its Answer to Plaintiff's complaint by June 16, 2008.

**6. Evidence Preservation**

Plaintiff and BSC recognize the importance of their respective obligations to preserve all evidence, electronic and otherwise, that relates in any way to the subject matters of this action, regardless of where located.  Parties are taking all necessary steps to preserve documents and evidence that relate to the matters of this action.

**7. Disclosures**

The parties agree to exchange disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Initial Disclosures").  Parties will serve their Initial Disclosures on or before June 11, 2008.

**8. Discovery Plan**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), the Parties state the following views and proposals on:

a. <u>What changes in timing, form, or requirement for disclosures under FRCP 26(a), including statement of when initial disclosures were made or will be made:</u>

The parties agree to exchange disclosures as required by Fed. R. Civ. P. 26(a)(1) in accordance with the Federal Rules of Civil Procedure ("Initial Disclosures"). BSC will serve its Initial Disclosures on or before June 11, 2008, and Plaintiff will serve his Initial Disclosures on or before June 11, 2008.

b. <u>The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:</u>

Discovery is needed on: whether and to what extent BSC took adverse action against Plaintiff because of Plaintiff's reports regarding the PSST process; and whether and to what extent BSC retaliated against Plaintiff for his disclosures related to the PSST Process. Additional discovery may be needed by Plaintiff to establish his prima facie case and any rebuttal to BSC's defenses thereto, and by BSC to establish its defenses.

All discovery, including depositions of expert witnesses, must be completed by June 30, 2009.

Pursuant to Federal Rule of Civil Procedure 16(b) and Civil L.R. 26-2, a discovery request or stipulation that calls for responses or depositions after the discovery cut-off date are not enforceable except by order of the Court and upon a showing of good cause.

Pursuant to Civil L.R. 26-2, no motions to compel discovery may be filed later than 7 days after the discovery cut-off date.

c. <u>Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:</u>

The parties have conferred regarding the disclosure and discovery of electronically stored information, including the form or forms in which it should be produced. The parties do not

1 anticipate any issues relating to the preservation of electronic information. The parties have
2 agreed to preserve all electronic communications and information covered by Rule 26 of the
3 Federal Rules of Civil Procedure. The parties have agreed to produce electronically stored
4 information in native format with all metadata preserved, to the fullest extent possible.

    d. <u>Any issues about claims of privilege or of protection as trial-preparation materials, including – if the partied agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order:</u>

The parties propose that should either party receive what appears to be work product or privileged materials from the opposing party, the receiving party will contact the producing party as soon as reasonably possible to ascertain the character of the materials in question. Should the producing party explain that the materials in question are work product or privilege-protected, the receiving party shall return the materials to the producing party as soon as reasonably possible, and may not copy or otherwise use any information from such materials at any state in the instant or any subsequent action.

    e. <u>What changes should be made in the limitations on discovery imposed under the FRCP or by local rule, and what other limitations should be imposed:</u>

None other than as agreed pursuant to this Case Management Statement.

    f. <u>Any other orders that the court should issue under FRCP 26(c) or 16(b) and (c).</u>

None.

**9. Class Actions**

Not Applicable.

**10. Related Cases**

On November 12, 2007, Plaintiff filed a Complaint for Relief Under the Corporate and Criminal Fraud Accountability Act of 2002, 18 U.S.C. § 1514A before the Department of Labor, Occupational Safety and Health Administration ("OSHA") against BSC and its Chief Executive Officer, James Tobin. BSC and Tobin issued its response in a letter to OSHA dated January 10, 2008. On March 8, 2008, Plaintiff filed an opposition to BSC and Tobin's response statement. On April 20, 1008, BSC and Tobin filed their reply to Plaintiff's opposition statement. To date,

OSHA has conducted no hearings and has issued no orders related to Plaintiff's Complaint.

There are no other related cases or proceedings pending before another judge of this or any other court.

**11. Relief**

For each of his causes of action, Plaintiff seeks: compensatory damages, including lost wages and employment benefits according to proof; mental and emotional distress damages according to proof at trial; an award of interest, including pre-judgment interest, at the legal rate; an award of attorney's fees; costs of suit incurred; and other and further relief as the Court deems necessary and appropriate. For his First Cause of Action, Plaintiff additionally seeks: special and general damages, according to proof; and exemplary and punitive damages, according to proof. For his Second and Third Causes of Action, Plaintiff additionally seeks: general damages, special damages, actual damages, consequential damages, and incidental damages according to proof.

Plaintiff will retain an economist calculate the total monetary value of the relief sought.

**12. Settlement and ADR**

<u>Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.</u>

The parties are in agreement to conduct a private mediation.

**13. Consent to Magistrate Judge For All Purposes**

<u>Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.</u>

The parties consent to magistrate judge solely for the purposes of resolving discovery disputes.

**14. Other References**

<u>Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.</u>

The parties do not believe this case is suitable for the above.

**15. Narrowing of Issues**

<u>Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.</u>

None at this time.  The parties agree to meet and confer post-discovery to discuss joint stipulations of fact and/or law.

**16. Expedited Schedule**

<u>Whether this case can be handled on an expedited basis with streamlined procedures.</u>

The parties have consented to the case management schedule set forth believe and believe that is the appropriate timeline.

**17. Scheduling**

<u>Depositions</u> – The parties will exchange proposed deposition lists with requested amount of time/days required for each by July 1, 2008, then parties will meet and confer regarding the scheduling of depositions

<u>Non-Expert Discovery Completion</u> – March 2, 2009 (all non-expert discovery will be complete and nothing further can be propounded and no further depositions can be taken).

<u>Experts</u> – April 1, 2009 (plaintiff), May 1, 2009 (defendant), May 22, 2009 (plaintiff rebuttal).  Expert depositions to be completed by June 30, 2009.

<u>Dispositive motions</u> – August 20, 2009 - initial filing; September 3, 2009 – response; September 10, 2009 – reply; September 24, 2009 – proposed hearing date.

<u>Pretrial conference</u> – TBD, as scheduled by the Court.

<u>Trial</u> – TBD, as scheduled by the Court.

**18. Trial**

The case will be tried to a jury.  The expected length of the trial is 7 days.

**19. Disclosure of Non-party Interested Entities or Persons**

<u>Has each party filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16?  Each party must restate its certification by identifying any persons, firms, partnerships, corporations, or other entities known by the party to have either: (i) a financial</u>

1 | interest in the subject matter in controversy or in any party to the proceedings; or (ii) any other
2 | kind of interest that could be substantially affected by the outcome of the proceeding.

Plaintiff will file his certificates on or before July 1, 2008. Plaintiff states that there are no interested entities or persons that meet the requirements of LR 3-16. BSC filed its certificate on March 13, 2008.

**20. Other Matters**

Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

None at this time.

Dated: June ___, 2008            MORGAN, LEWIS & BOCKIUS LLP

                                 By:_____
                                    Cecily A. Waterman
                                    Attorneys for Defendant
                                    BOSTON SCIENTIFIC CORPORATION

Dated: June 10, 2008             THE EMPLOYMENT LAW GROUP, P.C.

                                 By:_____
                                    David Scher
                                    Attorneys for Plaintiff
                                    ERIC WILLIAMS