1  CECILY A. WATERMAN, State Bar No. 063502
   MORGAN, LEWIS & BOCKIUS LLP
2  One Market
   Spear Street Tower
3  San Francisco, CA 94105
   Tel: 415.442.1000
4  Fax: 415.442.1001
   E-mail: cwaterman@morganlewis.com
5
   JENNIFER A. LOCKHART, State Bar No. 236972
6  MORGAN, LEWIS & BOCKIUS LLP
   2 Palo Alto Square
7  3000 El Camino Real, Suite 700
   Palo Alto, CA 94306-2212
8  Tel: 650.843.4000
   Fax: 650.843.4001
9  E-mail: jlockhart@morganlewis.com

10 Attorneys for Defendant
   BOSTON SCIENTIFIC CORPORATION
11

12                    UNITED STATES DISTRICT COURT

13            FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15 ERIC WILLIAMS,                        Case No. 3:08-CV-01437-WHA

16              Plaintiff,               **DEFENDANT BOSTON SCIENTIFIC
                                         CORPORATION'S ANSWER TO
17         vs.                           COMPLAINT**

18 BOSTON SCIENTIFIC CORPORATION,
   JAMES TOBIN, WILLIAM R. ROSKOPF,
19 JENNIFER A. HEGNER AND THOMAS J.
   O'CONNELL, JR.
20
                Defendants.
21

22        Defendant BOSTON SCIENTIFIC CORPORATION ("Defendant" or "BSC") for itself

23 alone, and in answer to Plaintiff's Complaint, admits, denies and alleges as follows:

24                            **I. INTRODUCTION**

25        1.      In answer to the allegations of Paragraph 1 of the Complaint, Defendant admits

26 that Plaintiff has filed the Complaint, which Complaint speaks for itself.  Except as expressly

27 admitted herein, Defendant denies the allegations of Paragraph 1 and specifically denies that

28 James Tobin, William Roskopf, Jennifer Hegner and Tom O'Connell are Defendants in the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Complaint; by Order dated May 13, 2008, said individuals have been dismissed.

2        2.      In answer to the allegations of Paragraph 2 of the Complaint, Defendant avers that

3  Williams and BSC discussed possible errors in the approval process related to promotional

4  materials, sales support materials and training materials (hereinafter "PSST") process.  Except as

5  expressly admitted herein, Defendant states that it lacks information sufficient to enable it to form

6  a belief as to the truth of the allegations in Paragraph 2 and, placing its denial on that ground,

7  denies the allegations set forth therein.

8        3.      In answer to the allegations of Paragraph 3 of the Complaint, Defendant denies

9  each and every allegation set forth therein.

10        4.      In answer to the allegations of Paragraph 4 of the Complaint, Defendant denies

11  each and every allegation set forth therein.

12        5.      In answer to the allegations of Paragraph 5 of the Complaint, Defendant denies

13  each and every allegation set forth therein.

14        6.      In answer to the allegations of Paragraph 6 of the Complaint, Defendant denies

15  each and every allegation set forth therein.

16        7.      In answer to the allegations of Paragraph 7 of the Complaint, Defendant denies

17  each and every allegation set forth therein.

18        8.      In answer to the allegations of Paragraph 8 of the Complaint, Defendant denies

19  each and every allegation set forth therein.

20                                    **II.   Parties**

21        9.      In answer to the allegations of Paragraph 9 of the Complaint, Defendant states that

22  it lacks information sufficient to enable it to form a belief as to the truth of said allegations and,

23  placing its denial on that ground, denies the allegations set forth therein.

24        10.     In answer to the allegations of Paragraph 10 of the Complaint, Defendant admits

25  that Plaintiff worked as the Manager of Marketing Communications of its Neurovascular Division

26  from December 1999 until November 2007.  Except as expressly admitted herein, Defendant

27  denies the allegations set forth in Paragraph 10.

28        11.     In answer to the allegations of Paragraph 11 of the Complaint, Defendant admits

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7713653.2                    2                    Case No. 3:08-CV-01437WHA

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

1    that Boston Scientific is a corporation headquartered in Natick, Massachusetts, and that BSC's

2    neurovascular division is, and at all times mentioned herein, was located in Alameda County in

3    the State of California.  Except as expressly admitted herein, Defendant states that it lacks

4    information sufficient to enable it to form a belief as to the truth of the allegations in Paragraph

5    11 and, placing its denial on that ground, denies the allegations set forth therein.

6          12.     Defendant admits the allegations of Paragraph 12 of the Complaint.

7          13.     Defendant admits the allegations of Paragraph 13 of the Complaint.

8          14.     In answer to the allegations of Paragraph 14, Defendant admits that Tobin is

9    presently the President and Chief Executive Officer of BSC.  Except as expressly admitted herein,

10   Defendant denies the allegations set forth in Paragraph 14.

11         15.     Defendant admits that Roskopf is currently a resident of Alameda County.  Except

12   as expressly admitted herein, Defendant lacks information sufficient to enable it to form a belief

13   as to the truth of said allegations and, placing its denial on that ground, denies the allegations set

14   forth in Paragraph 15.

15         16.     In answer to the allegations of Paragraph 16, Defendant admits that Roskopf is

16   presently a manger of BSC.  Except as expressly admitted herein, Defendant denies the

17   allegations set forth in Paragraph 16 of the Complaint.

18         17.     Defendant admits that Hegner is currently a resident of Santa Clara County.

19   Except as expressly admitted herein, Defendant lacks information sufficient to enable it to form a

20   belief as to the truth of said allegations and, placing its denial on that ground, denies the

21   allegations set forth in Paragraph 17.

22         18.     In answer to the allegations of Paragraph 18, Defendant admits that Hegner is

23   presently a manager of BSC.  Except as expressly admitted herein, Defendant denies the

24   allegations set forth in Paragraph 18.

25         19.     Defendant admits that O'Connell is currently a resident of Santa Clara County.

26   Except as expressly admitted herein, Defendant lacks information sufficient to enable it to form a

27   belief as to the truth of said allegations and, placing its denial on that ground, denies the

28   allegations set forth in Paragraph 19.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

20.    In answer to the allegations of Paragraph 20, Defendant admits that O'Connell is presently a manager of BSC.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 20.

21.    In answer to the allegations of Paragraph 21 of the Complaint, Defendant states that it lacks information sufficient to enable it to form a belief as to the truth of said allegations and, placing its denial on that ground, denies the allegations set forth therein.

22.    In answer to the allegations of Paragraph 22 of the Complaint, Defendant states that these allegations call for a legal conclusion as to which no answer by Defendant is required. Except as expressly admitted herein, Defendant lacks information sufficient to enable it to form a belief as to the truth of said allegations and, placing its denial on that ground, denies the allegations set forth therein.

### III.  VENUE

23.    In answer to the allegations of Paragraph 23 of the Complaint, Defendant admits that it is subject to the jurisdiction of this Court.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 23.

24.    In answer to the allegations of Paragraph 24 of the Complaint, Defendant denies the allegations set forth therein.

25.    In answer to the allegations of Paragraph 25 of the Complaint, Defendant admits that Roskopf is a resident of the State of California and subject to this Court's jurisdiction. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 25.

26.    In answer to the allegations of Paragraph 26 of the Complaint, Defendant admits that Hegner is a resident of the State of California and subject to this Court's jurisdiction.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 26.

27.    In answer to the allegations of Paragraph 27 of the Complaint, Defendant admits that O'Connell is a resident of the State of California and subject to this Court's jurisdiction. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 27.

28.    In answer to the allegations of Paragraph 28 of the Complaint, Defendant admits that venue is proper.  Except as expressly admitted herein, Defendant denies the allegations set

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7713653.2                                4                   Case No. 3:08-CV-01437WHA
DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

1   forth in Paragraph 28.

2   **V.  FACTS**

3       29.    In answer to the allegations of Paragraph 29 of the Complaint, Defendant

4   incorporates herein by reference its answers to each and every allegation contained in Paragraphs

5   1 through 28, inclusive, as though fully set forth herein.

6       30.    In answer to the allegations in Paragraph 30 of the Complaint, Defendant admits

7   that Plaintiff worked as the Manager of Marketing Communications of its Neurovascular Division

8   from December 1999 until November 2007.  Except as expressly admitted herein, Defendant

9   denies the allegations set forth in Paragraph 30.

10      31.    In answer to the allegations of Paragraph 31 of the Complaint, Defendant denies

11  the allegations set forth therein.

12      32.    In answer to the allegations of Paragraph 32 of the Complaint, Defendant admits

13  that certain of its operations are regulated by the FDCA and regulations duly promulgated

14  thereunder.  Defendant states that the provisions of the FDCA and any applicable regulations

15  promulgated thereunder, speak for themselves.  Except as expressly admitted herein, Defendant

16  denies the allegations set forth in Paragraph 32.

17      33.    In answer to the allegations of Paragraph 33 of the Complaint, Defendant states

18  that these allegations call for a legal conclusion as to which no answer by Defendant is required.

19  Except as expressly admitted herein, Defendant lacks information sufficient to enable it to form a

20  belief as to the truth of said allegations and, placing its denial on that ground, denies the

21  allegations set forth therein.

22      34.    In answer to the allegations of Paragraph 34, Defendant admits that it has

23  established and maintains a Code of Conduct and other codes, policies, and procedures, which

24  documents speak for themselves.  Except as expressly admitted herein, Defendant lacks

25  information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and,

26  placing its denial on that ground, denies the allegations set forth therein.

27      35.    In answer to the allegations of Paragraph 35 of the Complaint, Defendant admits

28  that it has established a Code of Conduct and other codes, policies, and procedures, which codes

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7713653.2                                      5                      Case No. 3:08-CV-01437WHA

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

1   speak for themselves.  Except as expressly admitted herein, Defendant denies the allegations set

2   forth in Paragraph 35.

3       36.     In answer to the allegations in Paragraph 36 of the Complaint, Defendant admits

4   that beginning in August 2005, Plaintiff discussed with BSC management possible errors in

5   BSC's PSST processes.  Except as expressly admitted herein, Defendant denies the allegations set

6   forth in Paragraph 36.

7       37.     a.     In answer to the allegations in Paragraph 37(a) of the Complaint,

8   Defendant admits that on or about August 21, 2005, Plaintiff discussed possible errors in the

9   PSST process with respect to certain of BSC's training and sales materials with BSC

10  management.  Except as expressly admitted herein, Defendant denies the allegations set forth in

11  Paragraph 37(a).

12          b.     In answer to the allegations in Paragraph 37(b) of the Complaint,

13  Defendant admits that in or about October 2005, Plaintiff sent an email to Lynn Mattice, BSC's

14  Vice President of Corporate Security, regarding possible PSST process errors.  Except as

15  expressly admitted herein, Defendant denies the allegations set forth in Paragraph 37(b).

16          c.     In answer to the allegations in Paragraph 37(c) of the Complaint,

17  Defendant admits that in or about January 2006, Plaintiff discussed possible errors in the PSST

18  process with respect to certain of BSC's training and sales materials with BSC management.

19  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph

20  37(c).

21          d.     In answer to the allegations in Paragraph 37(d) of the Complaint,

22  Defendant states that it lacks information sufficient to enable it to form a belief as to the truth of

23  said allegations and, placing its denial on that ground, denies the allegations set forth therein.

24          e.     In answer to the allegations in Paragraph 37(e) of the Complaint,

25  Defendant states that it lacks information sufficient to enable it to form a belief as to the truth of

26  said allegations and, placing its denial on that ground, denies the allegations set forth therein.

27          f.     In answer to the allegations in Paragraph 37(f) of the Complaint, Defendant

28  states that it lacks information sufficient to enable it to form a belief as to the truth of said

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7713653.2                          6                    Case No. 3:08-CV-01437WHA

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

1    allegations and, placing its denial on that ground, denies the allegations set forth therein.

2                    g.       In answer to the allegations in Paragraph 37(g) of the Complaint,

3    Defendant admits that on or about October 2006 Plaintiff sent emails to Jim Gilbert and Jim

4    Tobin regarding the PSST process.  Except as expressly admitted herein, Defendant denies the

5    allegations set forth in Paragraph 37(g).

6                    h.       In answer to the allegations in Paragraph 37(h) of the Complaint,

7    Defendant states that it lacks information sufficient to enable it to form a belief as to the truth of

8    said allegations and, placing its denial on that ground, denies the allegations set forth therein.

9                    i.       In answer to the allegations in Paragraph 37(i) of the Complaint, Defendant

10   admits that on or about April 2, 2007, Plaintiff sent emails to BSC management, discussing

11   possible errors in the PSST process with respect to certain of BSC's training and sales materials.

12   Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 37(i).

13                   j.       In answer to the allegations in Paragraph 37(j) of the Complaint, Defendant

14   admits that on or about April 4, 2007, Plaintiff met with Milt McColl and Steve Hanlon and

15   discussed possible errors in the PSST process with respect to certain of BSC's training and sales

16   materials.  Except as expressly admitted herein, Defendant states that it lacks information

17   sufficient to enable it to form a belief as to the truth of said allegations and, placing its denial on

18   that ground, denies the allegations set forth therein.

19                   k.       In answer to the allegations in Paragraph 37(k) of the Complaint,

20   Defendant admits that on or about May 7, 2007, during a "Brain Training" meeting conducted in

21   Fremont, California, Plaintiff discussed possible errors in the PSST process with respect to certain

22   of BSC's training and sales materials.  Except as expressly admitted herein, Defendant denies the

23   allegations set forth in Paragraph 37(k).

24                   l.       In answer to the allegations in Paragraph 37(l) of the Complaint, Defendant

25   admits that in or about October 2007, Plaintiff discussed possible errors in the PSST process with

26   respect to certain of BSC's training and sales materials used at BSC's October 2007 "Brain

27   Training" meeting.  Except as expressly admitted herein, Defendant denies the allegations set

28   forth in Paragraph 37(l).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7713653.2                                    7                    Case No. 3:08-CV-01437WHA

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

38.    In answer to the allegations of Paragraph 38 of the Complaint, Defendant denies the allegations set forth therein.

39.    In answer to the allegations of Paragraph 39 of the Complaint, Defendant denies the allegations set forth therein.

40.    In answer to the allegations in Paragraph 40 of the Complaint, Defendant admits that on or about January 25, 2006, BSC received correspondence from the FDA, which correspondence was publicly disclosed.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 40.

41.    In answer to the allegations in Paragraph 41 of the Complaint, Defendant admits that on March 31, 2007, BSC filed its 10K document with the SEC, which document speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 41.

42.    In answer to the allegations of Paragraph 42 of the Complaint, Defendant denies the allegations set forth therein.

43.    In answer to the allegations of Paragraph 43 of the Complaint, Defendant admits that it undertook certain actions in response to correspondence it received from the FDA.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 43.

44.    In answer to the allegations in Paragraph 44 of the Complaint, Defendant admits that it requested Plaintiff's participation in an internal investigation related to possible errors in the PSST process, but which was *unrelated* to the Warning Letter, and that Plaintiff complied with Defendant's request.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 44.

45.    a.    In answer to the allegations in Paragraph 45 (a) of the Complaint, Defendant admits that Plaintiff met with Stephen Lawrence, of the Hogan and Hartson Firm. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 45 (a).

b.    In answer to the allegations in Paragraph 45 (b) of the Complaint, Defendant admits that on or about November 29, 2006 Plaintiff met with Stephen Lawrence, Paul

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7713653.2                          8                    Case No. 3:08-CV-01437WHA
DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

1  Skelly and Jeffrey Shapiro of the Hogan and Hartson Firm.  Except as expressly admitted herein,

2  Defendant denies the allegations set forth in Paragraph 45 (b).

3          46.     In answer to the allegations of Paragraph 46 of the Complaint, Defendant denies

4  the allegations set forth therein.

5          47.     In answer to the allegations in Paragraph 47 of the Complaint, Defendant admits

6  that in or about June 2007, Roskopf announced the opening of the position of Director, Events

7  and Communications Programs.  Except as expressly admitted herein, Defendant denies the

8  allegations set forth in Paragraph 47.

9          48.     In answer to the allegations in Paragraph 48 of the Complaint, Defendant admits

10  that Williams reported to Roskopf for a period of time, and that had he been selected, this would

11  have been a promotion for Williams.  Except as expressly admitted herein, Defendant denies each

12  and every allegation set forth Paragraph 48.

13          49.     In answer to the allegations in Paragraph 49 of the Complaint, Defendant admits

14  that Plaintiff was interviewed for the position of Director, Events and Communications Programs.

15  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 49.

16          50.     In answer to the allegations in Paragraph 50 of the Complaint, Defendant admits

17  that Hegner was promoted to Director, Events and Communications Programs and that Hegner

18  was Plaintiff's direct supervisor for a period of time.  Except as expressly admitted herein,

19  Defendant denies the allegations set forth in Paragraph 50.

20          51.     In answer to the allegations in Paragraph 51 of the Complaint, Defendant denies

21  the allegations set forth therein.

22          52.     In answer to the allegations in Paragraph 52 of the Complaint, Defendant admits

23  the allegations set forth therein.

24          53.     In answer to the allegations in Paragraph 53 of the Complaint, Defendant admits

25  that Plaintiff was terminated in a reduction in force on or about November 9, 2007.  Except as

26  expressly admitted herein, Defendant denies the allegations set forth in Paragraph 53.

27          54.     In answer to the allegations in Paragraph 54 of the Complaint, Defendant denies

28  the allegations set forth therein.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7713653.2                                     9                          Case No. 3:08-CV-01437WHA

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

1  |  55.    In answer to the allegations in Paragraph 55 of the Complaint, Defendant denies

2  |  the allegations set forth therein.

3  |  56.    In answer to the allegations in Paragraph 56 of the Complaint, Defendant denies

4  |  the allegations set forth therein.

5  |  57.    In answer to the allegations in Paragraph 57 of the Complaint, Defendant denies

6  |  the allegations set forth therein.

7  |  58.    In answer to the allegations in Paragraph 58 of the Complaint, Defendant denies

8  |  the allegations set forth therein.

9  |  59.    In answer to the allegations in Paragraph 59 of the Complaint, Defendant denies

10  |  the allegations set forth therein.

11  |  60.    In answer to the allegations in Paragraph 60 of the Complaint, Defendant denies

12  |  the allegations set forth therein.

13  |  61.    In answer to the allegations in Paragraph 61 of the Complaint, Defendant states

14  |  that Section 806(a)(1) and (2) of SOX, 18 U.S.C. § 1514A(a)(1) and (2) speak for themselves.

15  |  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 61.

16  |  62.    In answer to the allegations in Paragraph 62 of the Complaint, Defendant states

17  |  that Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), Exchange Act Rule 10b-5, and 17

18  |  C.F.R. §240.10b-5 speak for themselves.  Except as expressly admitted herein, Defendant denies

19  |  the allegations set forth in Paragraph 62.

20  |  63.    In answer to the allegations in Paragraph 63 of the Complaint, Defendant denies

21  |  the allegations set forth therein.

22  |  64.    In answer to the allegations in Paragraph 64 of the Complaint, Defendant denies

23  |  the allegations set forth therein.

24  |  65.    In answer to the allegations in Paragraph 65 of the Complaint, Defendant denies

25  |  the allegations set forth therein.

26  |  66.    In answer to the allegations in Paragraph 66 of the Complaint, Defendant states

27  |  that the Food and Drug and Cosmetic Act speaks for itself. Except as expressly admitted herein,

28  |  Defendant denies the allegations set forth in Paragraph 66.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

1    67.    In answer to the allegations in Paragraph 67 of the Complaint, Defendant denies

2    the allegations set forth therein.

3    68.    In answer to the allegations in Paragraph 68 of the Complaint, Defendant states

4    that Section 806(a)(1) and (2) of SOX, 18 U.S.C. § 1514A(a)(1) and (2) speak for themselves.

5    Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 68.

6    69.    In answer to the allegations in Paragraph 69 of the Complaint, Defendant denies

7    the allegations set forth therein.

8    70.    In answer to the allegations in Paragraph 70 of the Complaint, Defendant denies

9    the allegations set forth therein.

10    71.    In answer to the allegations in Paragraph 71 of the Complaint, Defendant states

11    that Section 10.3 of BSC's Code of Business Conduct and other codes, policies, and procedures,

12    which speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations set

13    forth in Paragraph 71.

14    72.    In answer to the allegations in Paragraph 72 of the Complaint, Defendant states

15    that BSC's Code of Conduct and other similar codes and policies speak for themselves.  Except as

16    expressly admitted herein, Defendant denies the allegations set forth in Paragraph 72.

17    73.    In answer to the allegations in Paragraph 73 of the Complaint, Defendant states

18    that BSC's Code of Conduct speaks for itself.  Except as expressly admitted herein, Defendant

19    denies the allegations set forth in Paragraph 73.

20    74.    In answer to the allegations in Paragraph 74 of the Complaint, Defendant admits

21    that Plaintiff acknowledged receipt of the Code of Conduct, which document speaks for itself.

22    Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 74.

23    75.    In answer to the allegations in Paragraph 75 of the Complaint, Defendant denies

24    the allegations set forth therein.

25    76.    In answer to the allegations in Paragraph 76 of the Complaint, Defendant denies

26    the allegations set forth therein.

27    **VI.  FIRST CAUSE OF ACTION**

28    **(Wrongful Termination in Violation of Public Policy)**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7713653.2                                    11                    Case No. 3:08-CV-01437WHA

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

77.     In answer to the allegations of Paragraph 77 of the Complaint, Defendant incorporates herein by reference its answers to each and every allegation contained in Paragraphs 1 through 76, inclusive, as though fully set forth herein.

78.     In answer to the allegations of Paragraph 78 of the Complaint, Defendant states that the Federal Food, Drug and Cosmetic Act, and 21 U.S.C. §§331, 351(a)(2)(B); 21 C.F.R. §§ 210, 211 and 212 speak for themselves.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 78.

79.     In answer to the allegations of Paragraph 79 of the Complaint, Defendant states that Sections 110390, 110398 and 111295 of the California Health and Safety Code speak for themselves.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 79.

80.     In answer to the allegations of Paragraph 80 of the Complaint, Defendant states that Section 1102.5 of the California Labor Code speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 80.

81.     In answer to the allegations of Paragraph 81 of the Complaint, Defendant states that the common law of the State of California and Section 1102.5 of the California Labor Code speak for themselves.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 81.

82.     In answer to the allegations of Paragraph 82 of the Complaint, Defendant states that Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), Exchange Act Rule 10b-5, and 17 C.F.R. §240.10b-5 speak for themselves.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 82.

83.     In answer to the allegations of Paragraph 83 of the Complaint, Defendant states that Section 13 of the Securities and Exchange Act of 1933 speaks for itself.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 82.

84.     In answer to the allegations of Paragraph 84 of the Complaint, Defendant states that Section 806(a)(1) and (2) of SOX, 18 U.S.C. § 1514A(a)(1) and (2) speak for themselves.  Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 84.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7713653.2                         12                         Case No. 3:08-CV-01437WHA

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

85.     In answer to the allegations of Paragraph 85 of the Complaint, Defendant states that the statutes and regulations referenced in Plaintiff's complaint speak for themselves.  Except as expressly admitted herein, Defendant denies the allegations of Paragraph 85.

86.     In answer to the allegations of Paragraph 86 of the Complaint, Defendant denies the allegations set forth therein.

87.     In answer to the allegations of Paragraph 87 of the Complaint, Defendant denies the allegations set forth therein.

88.     In answer to the allegations of Paragraph 88 of the Complaint, Defendant denies the allegations set forth therein.

89.     In answer to the allegations of Paragraph 89 of the Complaint, Defendant denies the allegations set forth therein.

90.     In answer to the allegations of Paragraph 90 of the Complaint, Defendant denies the allegations set forth therein.

91.     In answer to the allegations of Paragraph 91 of the Complaint, Defendant denies the allegations set forth therein.

92.     In answer to the allegations of Paragraph 92 of the Complaint, Defendant denies the allegations set forth therein.

93.     In answer to the allegations of Paragraph 93 of the Complaint, Defendant denies the allegations set forth therein.

94.     In answer to the allegations of Paragraph 94 of the Complaint, Defendant denies the allegations set forth therein.

95.     In answer to the allegations of Paragraph 95 of the Complaint, Defendant denies the allegations set forth therein.

96.     In answer to the allegations of Paragraph 96 of the Complaint, Defendant denies the allegations set forth therein.

97.     In answer to the allegations of Paragraph 97 of the Complaint, Defendant denies the allegations set forth therein.

98.     In answer to the allegations of Paragraph 98 of the Complaint, Defendant denies

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7713653.2                    13                    Case No. 3:08-CV-01437WHA

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

1    the allegations set forth therein.

2        99.    In answer to the allegations of Paragraph 99 of the Complaint, Defendant denies

3    the allegations set forth therein.

4        100.    In answer to the allegations of Paragraph 100 of the Complaint, Defendant denies

5    the allegations set forth therein.

6        101.    In answer to the allegations of Paragraph 101 of the Complaint, Defendant denies

7    the allegations set forth therein and further specifically denies that Plaintiff is entitled to recovery

8    of any damages whatsoever, including punitive damages, from Defendant.

9                    **VI.  SECOND CAUSE OF ACTION**

10                    **(Breach of Implied-in-Fact Contract)**

11        102.    In answer to the allegations of Paragraph 102 of the Complaint, Defendant

12    incorporates herein by reference its answers to each and every allegation contained in Paragraphs

13    1 through 101, inclusive, as though fully set forth herein.

14        103.    In answer to the allegations of Paragraph 103 of the Complaint, Defendant denies

15    the allegations set forth therein.

16        104.    In answer to the allegations of Paragraph 104 of the Complaint, Defendant denies

17    the allegations set forth therein.

18        105.    In answer to the allegations of Paragraph 105 of the Complaint, Defendant denies

19    the allegations set forth therein.

20        106.    In answer to the allegations of Paragraph 106 of the Complaint, Defendant denies

21    the allegations set forth therein.

22        107.    In answer to the allegations of Paragraph 107 of the Complaint, Defendant denies

23    the allegations set forth therein and further specifically denies that Plaintiff is entitled to recovery

24    of any damages whatsoever from Defendant.

25                    **VI.  THIRD CAUSE OF ACTION**

26                    **(Breach of Implied Covenant of Good Faith and Fair Dealing)**

27        108.    In answer to the allegations of Paragraph 108 of the Complaint, Defendant

28    incorporates herein by reference its answers to each and every allegation contained in Paragraphs

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

1 | 1 through 107, inclusive, as though fully set forth herein.

2 |        109.    In answer to the allegations of Paragraph 109 of the Complaint, Defendant denies

3 | the allegations set forth therein.

4 |        110.    In answer to the allegations of Paragraph 110 of the Complaint, Defendant denies

5 | the allegations set forth therein.

6 |        111.    In answer to the allegations of Paragraph 111 of the Complaint, Defendant denies

7 | the allegations set forth therein.

8 |        112.    In answer to the allegations of Paragraph 112 of the Complaint, Defendant denies

9 | the allegations set forth therein.

10 |        113.    In answer to the allegations of Paragraph 113 of the Complaint, Defendant denies

11 | the allegations set forth therein and further specifically denies that Plaintiff is entitled to recovery

12 | of any damages whatsoever from Defendant.

### AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF

### FIRST AFFIRMATIVE DEFENSE

15 |        1.    As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges

16 | that the Complaint as a whole, and each purported claim for relief asserted therein, fails to state a

17 | claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

19 |        2.    As a separate and affirmative defense to Plaintiff's Complaint, Defendant alleges

20 | that the Complaint fails to state a claim for attorneys' fees pursuant to any statutory or contractual

21 | provision.

### THIRD AFFIRMATIVE DEFENSE

23 |        3.    As a separate and affirmative defense to Plaintiff's Complaint, and to every cause

24 | of action alleged therein, Defendant alleges that each cause of action is barred, in whole or in

25 | part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

27 |        4.    As a separate and affirmative defense to Plaintiff's Complaint, and to every cause

28 | of action alleged therein, Defendant alleges that, although Defendant denies that Plaintiff was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7713653.2               15              Case No. 3:08-CV-01437WHA

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

1   damaged in any way, if it should be determined that Plaintiff was damaged, then Defendant

2   alleges that Plaintiff failed to mitigate his purported damages, and further alleges that, to the

3   extent any damages could have been mitigated, such sums should be deducted from any award of

4   damages.

5   **FIFTH AFFIRMATIVE DEFENSE**

6        5.     As a separate and affirmative defense to Plaintiff's Complaint, and to every cause

7   of action alleged therein, Defendant alleges that to the extent during the course of this litigation

8   Defendant acquires any additional evidence of wrongdoing by Plaintiff, which wrongdoing would

9   have materially affected the terms and conditions of Plaintiff's employment or would have

10  resulted in Plaintiff either being demoted, disciplined, or terminated, such after acquired evidence

11  shall bar Plaintiff's claims on liability or damages or shall reduce such claims as provided by law.

12  **SIXTH AFFIRMATIVE DEFENSE**

13       6.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant is

14  informed and believes, and based thereon alleges, that Plaintiff's Complaint, or parts thereof, is

15  barred by the applicable statutes of limitations.

16  **SEVENTH AFFIRMATIVE DEFENSE**

17       7.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant is

18  informed and believes, and based thereon alleges, that any recovery by Plaintiff is barred on the

19  ground that, as to each and every written, oral, implied or other contract alleged, there was a

20  failure of consideration and/or lack of mutual consent.

21  **EIGHTH AFFIRMATIVE DEFENSE**

22       8.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant is

23  informed and believes, and based thereon alleges, that to the extent Defendant did not perform its

24  contractual obligations, then Defendant's performance was excused by virtue of Plaintiff's

25  material breach, failure of performance, prevention of performance and/or other wrongs.

26  **NINTH AFFIRMATIVE DEFENSE**

27       9.     As a separate and affirmative defense to Plaintiff's Complaint, Defendant is

28  informed and believes, and based thereon alleges, that its conduct was a just and proper exercise

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7713653.2                              16                    Case No. 3:08-CV-01437WHA

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

1   of managerial discretion, undertaken for fair and honest reasons, comporting with good faith

2   under the circumstances then existing, and was privileged and justified.

3                           **TENTH AFFIRMATIVE DEFENSE**

4        10.    As a separate and affirmative defense to Plaintiff's Complaint, and to every cause

5   of action alleged therein, Defendant alleges that, to the extent that Plaintiff seeks recovery on

6   account of physical, mental and emotional pain and suffering, then his exclusive remedy for such

7   damages is under the California Workers' Compensation Act.

8                          **ELEVENTH AFFIRMATIVE DEFENSE**

9        11.    As a separate and affirmative defense to Plaintiff's Complaint, and to every cause

10  of action alleged therein, Defendant states that although Defendant denies that Plaintiff was

11  damaged in any way, if it should be determined that Plaintiff was damaged, then Defendant

12  alleges, based on information and belief, that the proximate cause of such damage was the

13  conduct of Plaintiff or others for which Defendant was not and is not responsible.

14                          **TWELFTH AFFIRMATIVE DEFENSE**

15       12.    As a separate and affirmative defense to Plaintiff's Complaint, and to every cause

16  of action alleged therein, Defendant alleges that Plaintiff's claims for tort damages and punitive

17  damages are barred by the Due Process Clause (Fifth Amendment, Fourteenth Amendment,

18  Section 1 and the Excessive Fines Clause (Eight Amendment) of the United States Constitution

19  and the corresponding provisions of the California Constitution.

20                         **THIRTEENTH AFFIRMATIVE DEFENSE**

21       13.    As a separate and affirmative defense to each and every prayer for punitive

22  damages in Plaintiff's Complaint, Defendant alleges that the allegations of each cause of action,

23  whether considered singly or in any combination, fail to state facts sufficient to state a claim for

24  which punitive damages may be granted.

25                         **FOURTEENTH AFFIRMATIVE DEFENSE**

26       14.    As a separate and affirmative defense to Plaintiff's Complaint, and to every cause

27  of action alleged therein, Defendant alleges that, at all times relevant to the Complaint, Defendant

28  had good faith defenses based in law and/or fact which, if successful, would preclude recovery by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT

1  Plaintiff based on the allegations of the Complaint.

2  **FIFTEENTH AFFIRMATIVE DEFENSE**

3  15.  As a separate and affirmative defense to Plaintiff's Complaint, and to every cause

4  of action alleged therein, Defendant alleges that each cause of action is barred, in whole or in

5  part, by the doctrine of laches.

6  **PRAYER**

7  WHEREFORE, Defendant prays for judgment as follows:

8  1.  That Plaintiff's Complaint be dismissed;

9  2.  That Plaintiff take nothing by reason thereof,

10  3.  That judgment be entered in favor of Defendant;

11  4.  That Defendant be awarded its attorneys' fees and costs of suit; and

12  5.  For such other and further relief as the Court deems just and proper.

13  Dated: June 16, 2008                    MORGAN, LEWIS & BOCKIUS LLP

15  By _____
     Jennifer A. Lockhart
16   Attorneys for Defendant
     BOSTON SCIENTIFIC CORPORATION

DEFENDANT BOSTON SCIENTIFIC CORPORATION'S ANSWER TO COMPLAINT